UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 15  P 12: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

Manuel Geronimo            )
    Petitioner             )
                           )
vs                         )   Civil Action No.: 05-10093-RGS
                           )
United States of America   )
    Respondent             )

PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FILED
PURSUANT TO 28 USC §2255

**NOW COMES** Manuel Geronimo, proceeding in Propria Persona in the above-styled action and numbered cause to be referred herein after as (Petitioner), respectfully moving this most Honorable Court with this memorandum of law, in support of the motion filed pursuant to 28 USC §2255. In support of the 2255 pleading, Petitioner avers as follows:

SUMMARY OF THE ARGUMENTS

The Petitioner makes a challenge regarding the question of jurisdiction over the subject matter, in that a party (Assistant United States Attorney) of the prosecution represented to the Jury and the Court that he was in the official capacity to argue on behalf of the United States of America in the criminal action charged against Petitioner. It has been discovered through due diligence that this specific AUSA did not take the Oath of Office required to lawfully execute the actions as a public official representing the people and the government of the United States of America.

Because of the failure to follow the Constitutionally and statutory required mandate, Petitioner's conviction may be in error based on an act of prosecutorial misconduct that misled the Court, the trial Jury, and, most importantly, the Defendant into believing that the prosecution against him was within the color and letter of the law.

Without the AUSA following the procedure of taking the Oath of Office required to execute an action against him, the validity of the conviction is defective and must be vacated.

Petitioner asserts that the evidence to sustain a conviction on importation after an acquittal by the Jury on the conspiracy to import charge, coupled with the fact that Petitioner was not the individual who crossed international borders into the United States with any illegal or controlled substance is insufficient, and his conviction must be vacated.

The Petitioner asserts, through demonstrating, a cumulative effect of errors that his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments were violated due to substantially deficient performances of counsel. Petitioner was denied affective assistance of counsel in the pre-trial, trial, and appellate stages of the proceedings, and for the sake of brevity and convenience of the Court, asserts his arguments in these regards in a consolidated fashion. Had counsel of record performed as guaranteed under the Sixth Amendment, the results would have been different.

Finally, Petitioner asserts that he was held criminally culpable at sentencing for factors that were not presented to the Grand

Jury and in violation of the Fifth Amendments, Grand Jury clause to be charged by indictment. Although Petitioner exercised his Constitutional right to a trial by jury, compelling the government to meet every burden of proof regarding culpability beyond a reasonable doubt, a lesser standard was used, which added approximately 15 to 18 additional months on Petitioner's sentence. The judicial preponderance of the evidence standard has been ruled unConstitutional by the Supreme Court in multiple holdings. Based upon the fact that enhancements were imposed that exceeded the jury's determination of guilt beyond a reasonable doubt, Petitioner prays that this Honorable Court remand this case for resentencing.

## ARGUMENT

The Petitioner argues that, under the United States Constitution and laws of the States united a person who takes on the responsibility as a public servant in the representation of the people of the United States or individual states collectively must take an Oath of Office to uphold and defend the Constitution. This Oath of Office is vital and has been ingrained within our Constitutional tradition (as reflected in the massive ceremony conducted when the President of the United States is sworn in.), before an official can lawfully execute the appointed office. This stands true for not only the President and Cabinet members, but for judicial appointments, legislative offices, and members of the Executive branch, to and including the offices of the United States Attorney for each state and their subordinate Assistant United States Attorneys, who must swear or affirm

an oath to uphold and defend the Constitution.

For the purpose of this argument, the oath taken by the United States Attorneys and Assistant United States Attorneys is found under **28 USCA §544**, entitled "Oath of Office", which states:

> "Each United States Attorney, and each attorney appointed under Section 543 of this Title, before taking office shall take an Oath to execute faithfully his duties."
>
> (Pub. L. 89-544, §4(c), September 6, 1996, 80 Stat. (618).

In fact, these statutes mentioned above exist as an indication of authority, not as a limitation. The person is actually devoid of authority if that individual is in violation of these applicable statutes. See: **United States vs Pignatiello**, 582 F.Supp.251 (D.Colo, 1984); and **United States vs Peralta-Ramirez**, 83 F.Supp.2d 263 (D.P.R. 2000).

The importance of the "Oath of Office" for any and all government officials originates from the United States Constitution itself.

> "The oath clause of the United States Constitution can be found at Article 6, Clause 3...All Executive and Judicial officers, both of the United States and of the several states, shall be bound by Oath or affirmation, to support the Constitution."
>
> (See: **McCullock vs Maryland**, MD 1819; 17 USC §316 4 Wheat 316; 4 L.Ed. 579 (1819)

In fact, it has been held by the United States Supreme Court that all officers of the United States are to be appointed in accordance

-4-

conspiracy to import MDMA, coupled with the fact that he was never alleged to have transported any illegal or controlled substance through international borders and into the United States, the remaining count on the indictment fails to charge a cognizable crime against the United States. This is so because, without the guilty finding in the conspiracy to import count of the indictment, the remaining evidence is insufficient to sustain a conviction for a Federal offense. See: **United States vs Spinner**, 180 F.3d. 514 (3rd Cir. 1999) ("failure of an indictment to state an offense is a fundamental defect, and it can be raised at any time); **United States vs Osiemi**, 980 F.2d 344, 345 (5th Cir. 1993) (claim that indictment fails to state offense challenges jurisdiction of convicting Court and is cognizable under §2255 Cf. **United States vs Skinner**, 25 F.3d 1314, 1317 (6th Cir). 1994) (unconstitutionally vague indictment can be challenged at any time in motion pursuant to 28 USC §2255).

The crux of this argument stands on the fact that, without the conspiracy conviction, the Federal Court did not have jurisdiction over the alleged crime due to want of sufficient connection between Petitioner's criminal conduct and interstate commerce. See: **Jones vs United States**, 529 U.S. 848 (2000). The government could have met this jurisdictional hurdle by charging Petitioner with a charge of possession with intent to distribute in the indictment.

It chose to waive this opportunity. A careful reading of the indictment reveals that both count one and count two are intertwined by commonality of the defendants charged. Common sense and rationality dictate that defendants Octavio Viviato **GARCIA** ( who was

-7-

alleged to have been the party in Amsterdam and/or the Netherlands), and Disenia **GONZALEZ** (the party that transported the charged MDMA through international borders, are the only individuals upon whom a conviction in violation of an action in and affecting interstate commerce, could reasonably stand. This is so because of the area of count two, where it says, "...import into the United States, from a place outside thereof, namely Amsterdam, the Netherlands...". This contention is supported by the fact that the indictment in count three solely charged Javier **Placencio Vera** with importation, because of his actual handling of the MDMA through international borders.

Statutory support for this argument is found in the expressed wording of **Title 21 USC §952(a)**, that the government charges Petitioner with violating. The section most relevant says:

> "It shall be unlawful to **import into the customs territory of the United States** from any place outside thereof..."

This is the controlling authority that brings a charge under this section within the parameters of an activity affecting interstate commerce. Without the government being able to sustain a conviction against Petitioner for a conspiracy involving the party that actually imported in violation of **21 USC §952(a)**, the sufficiency of the remaining evidence challenge is compelling. See: **United States vs Lopez**, 514 U.S. 549 (1995).

If petitioners actions as argued are inconsistent with what is required to prove that he violated §952(a), then the Petitioner is not subject to a §952(a) prosecution or, if prosecuted, the Petitioner may very well be factually innocent of a §952(a) offense. The

-8-

connection to interstate commerce is an element of the crime, the adequacy of the interstate commerce connection is a sufficiency of the evidence concern that the government failed to meet. Although Petitioner has not used the magic words "actual innocence", as a **Pro-Se** movant, his argument that the United States cannot prove facts that would sustain the interstate commerce element of his conviction is sufficient. **See**: **United States vs Garth**, 188 F.3d. 99, 107-10 (3rd Cir. 1999) (careful discussion of an initially **pro se** §2255 challenge to a §924(c) conviction whose pleadings lacked the phrase "actual innocence", but contained the substance of an "actual innocence" argument.)

Petitioner has affirmatively detailed facts that aid him in leaping the evidentiary hurdle; therefore, he is entitled to a habeas review of whether his conviction should be vacated because it is not Constitutionally, nor is it statutorily valid. **Herrera vs Collin**, 506 U.S. 390, 404 (1993). The evidentiary hearing on "actual innocence" is a "gateway" that Petitioner must pass through in order to have his claim considered on the merits. Because the indictment as to count two cannot affirmatively establish a connection between Petitioner and the importation within the intent of §952(a), Petitioners conviction should be vacated in the interests of justice.

### "THE PETITIONER'S FOURTH, FIFTH, AND SIXTH AMENDMENT RIGHTS WERE VIOLATED DUE TO SUBSTANTIALLY DEFICIENT PERFORMANCES OF COUNSEL.

The petitioner argues that his conviction was obtained and

-9-

sentence imposed in violation of the Sixth Amendment right to effective assistance of counsel at pre-trial, trial, sentencing and direct appeal. This claim will be addressed in the manner in which counsel of record in each part of the proceedings provided deficient performance. In this manner, petitioner will demonstrate individually in each area how the results would have been different.

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right... to have the assistance of counsel guarantees an accused adequate legal assistance." **United States vs Cronic**, 466 U.S. 648, 655; 104 S.Ct. 2039; 80 L.Ed.2d 657 (1984) (quoting **Guyler vs Sullivan**, 466 U.S. 335, 344; 100 S.Ct 1708, 1715; 80 L.Ed.2d 657 (1980)). "Unless the accused receives effective assistance of couinsel, "a serious risk of injustice infects the trial itself." Id at 656; 104 S.Ct. 2039 (quoting **Sullivan**, 466 U.S. at 343; 100 S.Ct. 1708). A criminal defendant has the right to adequate legal assistance at all critical stages of the proceedings against him, or whenever his substantial rights may be affected. **Estelle vs Smith**, 451 U.S. 454, 469-71; 101 S.Ct. 1866; 68 L.Ed.2d. 359 (1981). A stage is deemed critical if the accused is "confronted by the legal system in that he has related choices before him ... and could profit from the expert advice of counsel.

The right to effective assistance of counsel covers pre-trial investigation . As asserted by petitioner, with the support of the record counsel, failed to challenge the fact that there was a violation of **18 USC §3161(b)**. The adversarial relationship between defendants's counsel and the government solidifies from the initiation of the arrest on criminal charges, at which time, the Sixth Amendment right to counsel attaches. It then becomes counsel's

-10-

adversarial responsibility to investigate, identify, and utilize every viable defense. It is without question that the petitioner was arrested on December 3, 1999. The statutory time period under the Speedy Trial clock begins to run for the purpose of 18 U.S.C. § 3161(b), from the time of the arrest, and stops at the time the indictment or information is returned.

As part of his adversarial relationship and responsinility to mount a defense, that is in the best interest of the client, counsel did not provide effective assistance, when he did not initiate and/or maintain a challenge of the jurisdictional elements of the charge. To and including identifying whether the prosecution had legal authority (taken the "Oath of Office") to represent the people of the United States, against petitioner.

It was counsel's adversarial responsibility to research, and argue the jurisdictional issue on behalf of petitioner. Had this been done, the possibility is great, that a well placed motion in these regards would have arguably compelled the government to dismiss the indictment. In the alternative, the issue would have been preserved for a better standard of appellate review. Either way the results of the proceeding would have been different. The district court could have exercised 18 U.S.C. § 3162(a)(1) in dismissing the untimely filed indictment or; the appellate review would have been for clear, instead of plain error. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed 2d 752 (1997).

Also, in the pre-trial setting, counsel failed to provide effective assistance when he did not file a motion to suppress questionable evidence. At issue was the government's alleged link

-11-

between petitioner and the suspect called "Nilvio", who was alleged to have been the party that initiated the importation scheme. The government has seized a document, which it said was found in petitioner's car during the search subsequent to arrest. The document was a Pan American money transfer with the name "Miguelin", (a very common name in the Dominican Republic). The government's evidence at trial reflected that "Nilvio" must have known petitioner, because through a conversation between Octavio Garcia (co-conspirator) the name "Miguelin" was used.

It was alleged that this evidence tied petitioner to the conspiracy with Nilvio and Garcia. A theory which the jury dissaproved with its not guilty verdict on the conspiracy. Had this evidence been challenged by counsel moving to suppress, accompanied with an affidavit of petitioner, the results of the proceedings would have been different. For one, the jury was deadlocked on this particular verdict and; two, petitioner was acquitted on the conspiracy count. Without conspiring to import, a person can not reasonably aid and abet parties that the jury determined beyond a reasonable doubt, petitioner was not involved with.

During the trial stage, counsel additionally failed to provide effective assistance of counsel, with the omission of a motion to strike the evidence that was introduced in violation of Giglio, Brady, and Rule 3500 of the Federal Rules of Criminal Procedure. This fact is supported by the government's own admission found on page 44 of the appellee brief in the original direct appeal. The record affirmatively shows counsel's failure of effective

-12-

assistance of counsel in his omission of a Rule 29 motion for a judgement of acquittal after the not guilty verdict on the conspiracy count of the indictment. This omission on the part of counsel and the prejudice that resulted is described clearly in **United States vs Lopez**, 576 F.2d 840, 842 (20th Cir. 1978. "Under [this] rule, a defendant who moved for a judgment of acquittal at the close of the governments case must move again for a judgment ... at the close of the entire case if he thereafter introduces evidence in his [own] defense because, by presenting such evidence, the defendant is deemed to have withdrawn his motion and thereby to have waived any objection to its denial.(quoting **United States vs Clotida**, 892 F.2d 1098 (1st Cir. 1989).

By conducting a careful review of the record, we can see that the comments of this Honorable Court affirmatively supports that the results would have been different had counsel filed an additional Rule 29 motion. The Court says, in part: "... I think I do at this time have to deny the motion. I do think the prima facie case before the jury is one from which they could, in fact, find the defendant guilty of two counts. I have obviously been admitting hearsay statement pursuant to the conspiracy rule, and I propose, as **Petrozziella** recommends, that I make a **Petrozzziella** finding at the close of the defendant's case "[TR: Day 4, part 2, page 51, lines9-25]. Once the facts had changed regarding the admissibility of determining the case without the "conspiracy rule". The Court after examination of all of the remaining evidence offered at trial would have had a better justification for granting the Rule 29(a) request had counsel provided effective

-13-

assistance and not omitted same.  The results would have also been different concerning the standard of review by the Circuit Court. See: **United States vs Jimenez-Perez**, 896 F.2d 9, 11 (1st Cir. 1989) and **United States vs Cheung**, 836 F.2d 729, 730n.1 (1st Cir., 1988) (per curiam).

Counsel failed to provide effective assistance at the trial stage, when he omitted the adversary challenge to factors introduced at trial and into the sentencing that changed the circumstances upon which petitioner was charged, convicted, and would be held culpable at sentencing beyond a reasonable doubt.  See: **United State vs Miller**, 471 U.S. 130; 105 S.Ct. 1811; 85 L.Ed.2d (1985).  It was counsel's duty to be aware of the law as it concerns the proposition that a defendant cannnot be convicted of an offense different from that which was included in the indictment * * * has been reaffirmed in a number of subsequent cases.  See, e.g., **United States vs Norris**, 281 U.S. 619; 50 S.Ct. 424; 74 L.Ed. 1076 (1930) (citing **Bain** for the rule that "nothing can be added to an indictment without concurrence of the grand jury by which the true bill was found").  The most important reaffirmation, of course, was **Stirone** The inference is compelling that the appellant was tried and convicted of possession of ecstacy without a jury determination of beyond a reasonable doubt.

The Supreme Court in **Williams vs Taylor**, 146 L.Ed.2d 389 (2000), articulated the standard of a claim of ineffective assistance of counsel.  In **Williams**, the court endorsed the straightforward application of **Strickland**, as a scenario where defense counsel's acts or omissions deprive the defendant of a substantive

-14-

or procedural right to which the law entitles him. Id. at 1513. Performance is measured against an objective standard of reasonableness, eliminating strategic decisions, which are backed by (a) reasonably independent investigation of facts, and (b) a reasonable trial strategy from which the defendant could realize some tangible advantage or benefit. See also **United States vs Ford**, 872 F.2d 1231, 1235 (6th Cir. 1989)(constructive amendments are per se prejudicial and warrants reversal of conviction), cert denied, 495 U.S. 918 (1980).

With the cumulative effect that counsel's errors had on the pre-trial, and trial stages of the federal criminal proceedings, preserved on the record for direct review, the appellant is well within the scope of establishing counsel's deficient performance, as reasoned in **Glover vs United States**, 531 U.S. ___; 121 S.Ct. ____; 148 L.Ed.2d 640 (2001). Wherefore, the appellant moves that this court move to establish that at no time did the appellant waive his rights to challenge the issues mentioned herein, and because of counsel's deficient performance, the appellant's substantive rights were effected.

Finally, counsel failed to provide effective assistance at the sentencing phase in his failure to aggressively challenge the enhancements that went beyond the jury determination of beyond a reasonable doubt. The truth of the matter is that when the United States Supreme Court(s) handed down their respective ruling(s) in **Apprendi** (precedent at the time of petitioner sentencing) and **Blakely**, they said that every attorney could have challenged the Court imposed enhancements under In re **Winship**, the same as

**Apprendi**'s counsel did.  Petitioner expressly requested counsel of record to challenge the enhancements that were imposed beyond the jury determination of beyond a reasonable doubt.  Therefore, it can reasonably be argued that every attorney who has failed to give their client's the representation equal to that **Apprendi** and **Blakely** received rendered ineffective assistance of counsel. Petitioner respectfully prays that this most honorable Court will vacate the conviction and sentence and remand for an evidentiary hearing or resentencing in the interest of justice.

### THE PETITIONER'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BECAUSE HE WAS HELD CULPABLE FOR PENALTIES FOR WHICH HE WAS NEITHER INDICTED OR FOUND GUILTY BEOND A REASONABLE DOUBT

It is long-standing procedent in all Courts under the principles of the United States Constitution, as well as the Constitution's governing the individual states of the union, that a jury can **only** return a verdict on the elements/factors that are explicitly cited in the indictment returned by a grand jury.  See: **Fifth Amendment Grand Jury Clause, U.S. Constitution** for the verdict or culpability for purpose of sentencing, to be based on any element/factor more or any element/factor less is a plain constructive amendment to the indictment itself. This would violate the Due Process clause of the Fifth Amendment, along with the Fair Notice "sub-clause' of the indictment clause.

To be more specific, a jury cannot return a verdict based on elements/factors that are not explicitly cited in the indictment.

Also, a defendant can not be found by the Court/trier/fact-finder to have committed those acts and be punished for them. Because petitioner exercised his Constitutional right to have the jury determine each and every factor to determine his culpability at sentencing beyond a reasonable doubt, it was unConstitutional (as delineated in **Blakely vs Washington** and **United States vs Booker**) for the district court to apply enhanced penalties on a standard that did not comply with the jury's determination of guilt beyond a reasonable doubt.

It is respectfully prayed that this most Honorable Court remand this case for resentencing to avoid a complete miscarriage of justice.

## **CONCLUSION**

Based upon the jurisdictional argument's raised herein, concerning the government's failure to file a timely indictment, coupled with the failure of the prosecuting attorney that participated in the cross examination of petitioner, and represented that he was a AUSA, although he did not have an Oath of Office on file, petitioner prays that this most honorable court will move to dismiss the indictment. Petitioner also invokes the provision of Rule 12(b) and Rule 36 of the Federal Rules of Criminal Procedure in the Oath of Office challenge. It is alternatively moved that this most honorable court issue an order of scheduling to address in an evidentiary hearing the implications of the Sixth amendment concerns addresses above. This hearing will aid in the establishment of whether to order a new trial or re-sentencing to avoid a complete miscarriage of justice.

Respectfully

Dated: 2-10-05

Manuel Geronimo, Pro se.
Reg. No. 22893-038
F.M.C. Devens, Box 879
Ayer, MA. 01432

## CERTIFICATE OF SERVICE

I Manuel Geronimo, do hereby affirm and attest that I have mailed a copy of the attached motion to the office of the U.S. Attorney, by first class mail on this 10th day of February 2005, at One Courthouse Way, Boston, Ma. 02210, Sworn and signed pursuant to 28 U.S.C. § 1746.

Manuel Geronimo, Pro se.