## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

2005 APR 20  P 4: 54

|  |  |
|---|---|
| MANUEL GERONIMO, | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) Civil Action No. 05-10093-RGS |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION
## AND REQUEST FOR SUMMARY DISMISSAL

The United States of America, by and through the undersigned Assistant U.S. Attorney,

hereby files its Response to the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct*

*Sentence by a Person in Federal Custody* (the "§ 2255 Motion") filed by Petitioner Manuel

Geronimo ("Geronimo"). For all of the reasons set forth below, Geronimo's § 2255 Motion is

wholly without merit and should be summarily dismissed.

### I. BACKGROUND

**A.** **Criminal Action Against Geronimo (05-CR-10093-RGS)**

On January 12, 2000, a federal grand jury indicted Geronimo on two counts: conspiracy to

import 3,4 Methylenedioxymethamphetamine/MDMA (a/k/a "ecstasy") into the United States from

a place outside thereof, namely Amsterdam, the Netherlands, in violation of 21 U.S.C. § 963 (Count

One), and aiding and abetting the importation of ecstasy on or about December 2, 1999, in violation

of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (Count Two). See Exhibit 1 (Indictment). These charges

stemmed from the following material facts:[1]

---

[1] These facts are taken from Geronimo's Presentence Report dated March 14, 2001, and the First Circuit's decision dated June 3, 2003 on Geronimo's direct appeal, United States v. Geronimo, 330 F.3d 67 (1st Cir. 2003).

On December 2, 1999, Geronimo's co-defendant, Disenia Gonzalez ("Gonzalez") arrived at Logan International Airport on Sabena Flight No. 533 from Brussels, Belgium. At Logan, U.S. Customs Inspectors discovered that Gonzalez was wearing a specially-made vest under her clothing, containing approximately 10,000 tablets of ecstasy. Specifically, inspectors retrieved 10,436 tablets of ecstasy from Gonzalez, weighing 2,975 grams in total. Inspectors also uncovered a Customs Declaration Form listing Gonzalez's destination as "Hotel Deytin in Saugus" and a piece of paper with an international phone number on it. Gonzales was ultimately arrested and charged with importation of ecstasy and conspiracy to import ecstasy into the United States.

After receiving her Miranda rights and signing a Miranda waiver form, Gonzalez began cooperating with the government. Gonzalez told the investigators that she worked for an Hispanic male in Amsterdam named "Nilvio," who provided her with the vest, ecstasy and airline ticket, and drove her to the airport for her flight to Boston. Gonzalez stated that Nilvio instructed her to call him in Amsterdam once she arrived at the hotel in Saugus, at which time he would provide further directions regarding the drugs. Upon providing this information, Gonzalez agreed to set up a "controlled delivery" of the ecstasy with the investigators.

Agents took Gonzalez to the Days Inn in Saugus, the location that most closely resembled Gonzalez's instructions to go to "Hotel Deytin in Saugus." Gonzalez then placed consensually monitored phone calls to "Nilvio" in Amsterdam. Gonzalez provided her hotel information to Nilvio, who instructed her to wait there for someone to contact her and pick up the pills.

On December 3, 1999, Gonzalez received a consensually recorded phone call at the Days Inn from co-defendant Octavio Viviato Garcia ("Garcia"). Garcia identified himself as the person who she was supposed to meet for delivery of the ecstasy pills. A few hours later, in accordance with the arrangements he made with Gonzalez, Garcia arrived at the Days Inn, where he attempted to retrieve

the ecstasy pills from her.  Garcia told Gonzalez that they had to go to a different hotel to meet

"Manny" (*i.e.*, Petitioner Manuel Geronimo), the ultimate purchaser of the drugs, who would pay

Gonzalez the $6,000 owed to her for bringing the ecstasy to Boston.  When Gonzalez agreed to

accompany Garcia to meet Geronimo, Garcia was placed under arrest by Customs agents, who were

monitoring the meeting in the adjoining hotel room.

      Like Gonzalez, Garcia agreed to cooperate with the investigation.  With Garcia's help, agents

arranged for a "controlled delivery" of the ecstasy from Garcia to Geronimo.  Over the next two

hours, Garcia received nine consensually recorded phone calls – three from "Nilvio" and six  from

Geronimo.  During the course of these calls, Geronimo told Garcia that he would meet him at the

Comfort Inn in Revere, Massachusetts, to conclude their business.  During one such call, Geronimo

stated that he would have the $6,000 owed to the courier, but that he would <u>not</u> have the money

owed to Garcia (for facilitating the delivery of the drugs).

      At approximately 3:00 p.m., Geronimo arrived at the Comfort Inn and entered the hotel room

where Garcia and a female undercover agent (posing as Gonzalez) were waiting for him.  The room

was equipped with audio and video recording machines, which federal agents monitored from an

adjacent room.  Geronimo entered the hotel room and removed $6,000 from his pocket, which he

tossed onto the bed for "Gonzalez."  Geronimo then had a brief conversation with Garcia in Spanish,

the translation of which was disputed at trial.  (The government asserted that Geronimo asked Garcia

to carry the suitcase downstairs and that Garcia refused.  The defense, however, produced a Spanish

interpreter who gave a different translation).  It was undisputed, however, that after this exchange

of words, Geronimo picked up the suitcase containing the ecstasy pills and attempted to leave the

hotel room.  Geronimo was arrested at this time.

That same day, December 3, 1999, criminal complaints issued against Gonzales, Garcia and Geronimo. On December 6, 1999, Geronimo appeared for an Initial Appearance before U.S. Magistrate Judge Marianne Bowler. See Exhibit 2 (Docket Sheet) at 2-3. Approximately one month later (on January 12, 2000), Geronimo was indicted for conspiracy to import ecstasy into the United States from Amsterdam (Count I) and aiding and abetting the importation of ecstasy on or about December 2, 1999 (Count II). See Exhibit 1 (Indictment) at 1-3.

On January 23, 2001, following a six-day trial, the jury returned a verdict of "Not Guilty" as to Count I (conspiracy) and "Guilty" as to Count II (importation/aiding and abetting). See Exhibit 2 (Docket Sheet) at 10. On April 17, 2001, this Honorable Court sentenced Geronimo to 78 months imprisonment and three years of supervised release. See Exhibit 3 (Judgment). Judgment entered ten days later, on April 27, 2001. Id.

**B.    Geronimo's Appeal (01-1668 (1ˢᵗ Cir.))**

On May 2, 2001, Geronimo filed an appeal, challenging his conviction on three grounds: (1) insufficient evidence to Geronimo's conviction for aiding and abetting importation; (2) inadequate jury instructions on aiding and abetting; and (3) erroneous application of Fed.R. Evid. 801(d)(2)(E), admitting out-of-court statements of Geronimo's co-conspirators. United States v. Geronimo, 330 F.3d 67, 69 (1ˢᵗ Cir. 2003). The First Circuit rejected all of these arguments and affirmed Geronimo's conviction on June 3, 2003. Id. at 76.

**C.    Geronimo's § 2255 Motion**

Geronimo now seeks post-conviction relief under 28 U.S.C. § 2255. On January 13, 2005, Geronimo filed the instant § 2255 Motion, asserting four grounds for relief. First, Geronimo challenges subject matter jurisdiction based on an assertion that the Assistant U.S. Attorney who prosecuted his case did not take the required Oath of Office under Article III of the U.S.

Constitution.    Second, Geronimo claims that there was insufficient evidence to support his

conviction for importation of MDMA in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2.    Third,

Geronimo argues that he was denied his right to effective assistance of counsel under the Fourth,

Fifth, and Sixth Amendments to the U.S. Constitution at the pretrial, trial, sentencing, and appellate

stages of his proceedings.    Finally, Geronimo asserts that the Court improperly enhanced his sentence

under the preponderance-of-the-evidence standard in violation of United States v. Booker, 125 S.Ct.

738 (2005) and the Sixth Amendment to the U.S. Constitution.

 Geronimo's § 2255 Motion should be summarily dismissed.

## II. § 2255 STANDARD OF REVIEW

In pertinent part, 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255.    In other words, Section 2255 "provides for post-conviction relief in four

instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or

(2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4)

was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir.

1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).

 The petitioner bears the burden of establishing the need for relief under § 2255.    David, 134

F.3d at 474.    Specifically, a petitioner must establish that his conviction was imposed in violation

of the Constitution or laws of the United States involving a "fundamental defect which inherently

results in a complete miscarriage of justice," or "an omission inadvertent with the rudimentary

demands of fair procedure." Hill, 368 U.S. at 428; United States v. Addonozio, 442 U.S. 178, 185 (1979). To obtain relief under § 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

In light of this heavy burden of proof, evidentiary hearings are the rare exception, not the rule. See United States v. McGill, 11 F.3d 233, 225 (1st Cir. 1993); United States v. Mala, 7 F.3d 1058, 1062 (1st Cir. 1993); United States v. Tardiff, 969 F.2d 1283, 1286 (1st Cir. 1992); United States v. DeCologero, 821 F.2d 39, 44 (1st Cir. 1987). As stated by the First Circuit, "in most situations, motions can be 'heard' effectively on the papers, with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits, and the like." McGill, 11 F.3d at 225 (citing Aoude v. Mobil Oil Corp., 862 F.2d 890, 894 (1st Cir. 1988)); DeCologero, 821 F.2d at 44. As such, a petitioner seeking an evidentiary hearing must demonstrate a need for special treatment. McGill, 11 F.3d at 225; United States v. Panitz, 907 F.2d 1267, 1273-74 (1st Cir. 1990).

Indeed, a hearing is unnecessary "when a § 2255 motion is conclusively refuted as to the alleged facts by the files and records of the case." McGill, 11 F.3d at 225; Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). In other words, §2255 motions can and should be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995); Murchu v. United States, 926 F.2d 50, 55 (1st Cir.), cert. denied, 502 U.S. 828 (1991); Porcaro v. United States, 784 F.2d 38, 40 (1st Cir. 1986), cert. denied, 479 U.S. 916 (1986); Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984); Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980); see also Rule 4(b), Rules Governing Section 2255 Proceedings.

## III.  **ARGUMENT**

### A.  **Geronimo's Motion Should be Denied as Untimely**

A one-year limitations period applies to motions under § 2255.  See 28 U.S.C. § 2255.   The

limitations period runs from the latest of four triggering events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.; see also  David v. Hall, 318 F. 3d 343, 344 (1st Cir. 2003).  Here, as previously recognized by

both this Court and Geronimo, himself, the deadline for filing Geronimo's § 2255 Motion was

January 12, 2005, one year from the date on which the Supreme Court denied his petition for writ

of certiorari.  See Exhibit 4 (Letter motion dated Dec. 2, 2004, requesting extension of Jan. 12, 2005

filing deadline; Order (J. Stearns) dated Dec. 14, 2005, denying extension beyond Jan. 12, 2005

deadline).  Geronimo, however, did not file his § 2255 Motion until January 13, 2005.  Although

only one day late, Geronimo's § 2255 is nonetheless barred by the statute of limitations.

The doctrine of equitable tolling is inapplicable here.  Pursuant to this doctrine, "a statute of

limitations 'may be extended for equitable reasons not acknowledged in the statute creating the

limitations period.'"  Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004) (quoting David, 318

F.3d at 345-46).  As recognized by the First Circuit, however, even assuming that this doctrine

applies to § 2255 motions, it only applies "in exceptional circumstances."  Neverson, 366 F.3d at 40;

see also David, 318 F.3d at 346 (stating doctrine of equitable tolling applies only "for the most exceptional reasons"). The party seeking to invoke equitable tolling bears the burden of establishing the extraordinary circumstances warranting its application. Neverson, 366 F.3d at 41; Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001).

Here, Geronimo has made no such showing. In fact, this Court has already determined that the circumstances set forth in Geronimo's letter motion dated December 2, 2005, do not meet the "exceptional circumstances" standard required to invoke the doctrine of equitable estoppel. Specifically, in its Order dated December 14, 2004, this Court already determined that the pendency of Geronimo's "FOIA" request and/or a motion for appointment of counsel do not qualify as "exceptional circumstances" for purposes of equitable tolling. See Exhibit 4 at Order (J. Stearns, Dec. 14, 2004). This decision comports with applicable law governing this issue. See, e.g., Neverson, 366 F.3d at 42 (instructing "at a minimum, equitable tolling is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time"); Brackett v. United States, 270 F.3d 60, 67 (1st Cir. 2001) (equitable tolling is "narrow safety valve[]" reserved for "instances of clear injustice" only).

Geronimo's § 2255 Motion does not set forth any additional facts that would render the doctrine of equitable estoppel applicable. In fact, the record shows that tolling is particularly inappropriate here, as Geronimo was aware of his January 12, 2005 deadline, see Exhibit 4 (including Geronimo's letter motion to extend Jan. 12, 2005 deadline), and has not shown any "extraordinary circumstances" warranting application of the doctrine of equitable tolling. Geronimo's § 2255 Motion should be dismissed as untimely.

8

**B.      Geronimo's Jurisdictional Challenge is Frivolous**

Even if this Court overlooks the untimeliness of Geronimo's petition, it should reject his

jurisdictional attack as utterly frivolous.  Geronimo argues that jurisdiction was lacking because the

Assistant U.S. Attorney ("AUSA") who prosecuted his case did not take the required Oath of Office

under Article III of the U.S. Constitution.  According to Geronimo, where the AUSA failed to take

the official Oath of Office, he "lacks the authority to proceed with a criminal case, cannot take this

action in front of a Federal Grand Jury, or United States District Court, and any action done under

this presentation is void 'ab initio' and must be vacated to avoid a complete miscarriage of justice."

Geronimo's Mem. in Supp. of § 2255 Motion (hereinafter, "§ 2255 Memo.") at 6.

Geronimo's argument, however, lacks both legal and factual support.  First, the case on

which Geronimo relies which appears most closely on point, United States v. Pignatiello, 582 F.

Supp. 251 (D. Colo. 1984), does not support a jurisdictional attack.  In Pignatiello, the court

dismissed an indictment because of a violation of Rule 6(d) arising from the presence before the

Grand Jury of a government lawyer who had not yet taken an appropriate oath of office.  Subsequent

law raises doubt on the validity of that holding.  See United States v. Kilpatrick, 821 F.2d 1456, 1468

(10th Cir. 1987) ("a per se rule of dismissal for Rule 6(d) violations as earlier applied in ... Pignatiello

... is no longer proper" in light of a later Supreme Court case, United States v. Mechanik, 475 U.S.

66 (1986), which found that a conviction after trial "rendered harmless any conceivable error in the

charging decision that might have flowed from ... violation" of Rule 6(d)).

In any event, even were the Court to presume that Geronimo has properly raised a

jurisdictional defect in the indictment, he is nonetheless wrong as a matter of fact.  Geronimo argues

that former AUSA Joseph LaPlante was not a duly authorized AUSA solely because Geronimo was

unable to find a copy of the Oath of Office that he was required to take when appointed.  As an initial

9

matter, AUSA Robert Peabody was the lead prosecutor in the case against Geronimo. See Exhibit 2 (Docket Sheet) at 2 (listing AUSA Peabody as lead attorney). AUSA Peabody took the Oath of Office and signed an official Appointment Affidavit on March 10, 1997, nearly three years before Geronimo was indicted. See Exhibit 5 (Appointment Affidavits).

AUSA Joseph LaPlante assisted AUSA Peabody in preparing for trial and trying this case against Geronimo. A copy of AUSA LaPlante's official Appointment Affidavit is also attached at Exhibit 5. AUSA LaPlante's Appointment Affidavit is dated January 18, 2000, nearly one year before Geronimo was tried. Since both prosecutors were duly appointed to prosecute this matter, there is no violation of Article III of the Constitution, as asserted by Geronimo. Geronimo's jurisdictional challenges therefore fail.

### C.    Geronimo's "Insufficient Evidence" Claim Also Lacks Merit

#### 1.    A Claim of Insufficient Evidence is Not Cognizable Under § 2255

As an initial matter, Geronimo's claim of insufficient evidence should be summarily dismissed on the ground that it is not cognizable under 28 U.S.C. § 2255. As discussed above, post-conviction relief is only available under § 2255 in four instances: "namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David, 134 F.3d at 474. A challenge to the sufficiency of the evidence at trial does not fall within any of these four circumstances. As such, his claim of insufficient evidence should be dismissed on the ground that it is not cognizable on collateral review

#### 2.    Geronimo is Barred from Relitigating his "Insufficient Evidence" Claim on Collateral Review

Even if Geronimo's claim of insufficient evidence were cognizable on collateral review, he

10

is barred from relitigating it under § 2255. See Singleton, 26 F.3d at 240 (a defendant is barred from relitigating issues previously raised in his case); Murchu, 926 F.2d at 55 (issues resolved by prior appeal will not be reviewed again by motion under 28 U.S.C. § 2255). In his § 2255 Motion, Geronimo argues that there was "insufficien[t] ... evidence to support importation conviction after jury acquittal on conspiracy charge." § 2255 Motion at 5 (Ground Two). In his supporting memorandum, Geronimo explains as follows:

> The Petitioner argues that, upon an acquittal on the charge of conspiracy to import MDMA, coupled with the fact that he was never alleged to have transported any illegal or controlled substance through international borders and into the United States, the remaining count [i]n the indictment fails to charge a cognizable claim against [Petitioner]. This is so because, without the guilty finding [o]n the conspiracy to import count of the indictment, the remaining evidence is insufficient to sustain a conviction for a Federal offense.

§ 2255 Memo. at 6-7 (emphasis added). According to Geronimo, there is insufficient evidence connecting him to importation through international borders:

> The crux of this argument stands on the fact that, without the conspiracy conviction, the Federal Court did not have jurisdiction over the alleged crime due to want of sufficient connection between Petitioner's criminal conduct and interstate commerce.

Id. at 7 (emphasis added). Geronimo concludes, "[b]ecause the indictment as to count two cannot affirmatively establish a connection between Petitioner and the importation within the intent of §952(a), Petitioner's conviction should be vacated in the interests of justice." Id. at 9 (emphasis added).

The First Circuit, however, has already considered and rejected this claim on direct appeal. As part of his appeal, Geronimo argued that the government "failed to prove the element of scienter required to convict on a drug importation charge." Geronimo, 330 F.3d at 69. This claim mirrors the insufficient evidence claim currently before this Court. Specifically, on direct appeal:

> Geronimo ... claim[ed] that the government failed to produce evidence that Geronimo knew the ecstasy had originated outside the United States..... The essence of the defendant's sufficiency of the evidence claim is that the government failed to demonstrate Geronimo's intent to further a drug importation scheme: 'There was no evidence that Geronimo associated himself with importation, no evidence that he knew anything about the importation scheme, no evidence that he participated in the importation as something he wished to bring about, and no evidence that he took any action to make the importation succeed.'

Geronimo, 330 F.3d at 72. The First Circuit rejected this claim, finding sufficient evidence to uphold the importation/aiding and abetting charge. Id. at 73.

A petitioner cannot escape the bar to relitigating a claim already resolved on prior appeal merely by recasting claims in different nomenclature. United States v. Tracy, 739 F.2d 679, 682 (1st Cir. 1984); see also Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1998) ("law of the case" is prudential principle that "precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided."); United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) (noting "certain other claims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label on collateral review") (emphasis added). As the First Circuit has already considered, and rejected, Geronimo's claim that there was insufficient evidence that Geronimo "associated himself with importation," "knew anything about the importation scheme," "participated in the importation," or "took any action to make the importation succeed," Geronimo, 330 F.3d at 72, he is barred from relitigating the same issue here.[2]

---

[2] To the extent that Geronimo argues that the current "insufficient evidence" claim differs from those litigated on direct appeal (which the government disputes), he has waived this claim by failing to raise it on appeal. A criminal defendant is not entitled to litigate issues that *could have been raised* on direct appeal, but were not, absent a showing of cause excusing the default and actual prejudice resulting from the error of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Suveges v. United States, 7 F.3d 6, 10 (1st Cir.1993) (holding that party must show cause and prejudice to raise an objection in a § 2255 motion that not argued on direct appeal). Hence, even if some portion of Geronimo's current challenge to the sufficiency of the evidence was not pressed on direct appeal, he still bears the burden of showing cause and prejudice to avoid summary dismissal. As Geronimo has failed to

3.    **The Record Disputes Geronimo's Challenge to Sufficiency of Evidence**

Moreover, even if Geronimo had shown cause and prejudice to avoid dismissal on procedural grounds, his claim of insufficient evidence is plainly disputed by the record before the Court.

a.    Aiding and Abetting Importation of MDMA

First, contrary to Geronimo's argument, which is limited to the elements of an importation charge under 21 U.S.C. § 952(a), the indictment charges Geronimo with aiding and abetting the importation of ecstasy on or about December 2, 1999, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (Count Two). See Exhibit 1 (Indictment). As such, Geronimo's repeated references to: (i) the lack of evidence (and the absence of allegations) of Geronimo actually importing MDMA through international borders and (ii) the jury's acquittal of Geronimo on the conspiracy count are completely immaterial to the validity of his conviction for aiding and abetting the importation charged in the indictment. As such, Geronimo's argument that "upon an acquittal on the charge of conspiracy to import MDMA, coupled with the fact that he was never alleged to have transported any illegal or controlled substance through international borders and into the United States, the remaining count [i]n the indictment fails to charge a cognizable claim," § 2255 Memo. at 6-7, should be summarily dismissed.

b.    The Record Contains Sufficient Evidence of Aiding and Abetting

As explained by the First Circuit,

> 'Aiding and abetting requires the government to show that a defendant participated in the venture and sought by his actions to make it succeed. This burden is fulfilled by a showing that the defendant consciously shared the principal's knowledge of the underlying criminal act, and intended to help the principal.' If the 'underlying criminal act' is importation of a controlled

---

do so, he is barred from raising any additional challenges to the sufficiency of the evidence on collateral review.

substance, the accused must have "consciously shared the principal's knowledge" of the importation to be found guilty of aiding and abetting."

Geronimo, 330 F.3d at 73 (quoting United States v. Hernandez, 218 F.3d 58, 65 (1st Cir. 2000)).

Contrary to Geronimo's claim, the record contains ample evidence to support his conviction for aiding and abetting the importation of ecstacy on December 2, 1999. At trial, the government presented: (1) the testimony of Customs Inspector Lauren Lucier, who described the events at Logan on December 2, 1999; (2) the testimony of cooperating co-defendant Gonzales, who explained the details behind her trip to Boston and the roles played by Nilvio and Garcia; (3) the testimony of cooperating co-defendant Garcia, who detailed the link between Nilvio, Geronimo and himself, and further described the events of December 2, 1999; (4) the testimony of Special Agent McGrath, who fully described the investigation, arrests, and post-arrest activities of Gonzalez, Garcia and Geronimo; and (5) numerous exhibits corroborating all of the foregoing testimony. In addition, Geronimo testified in his own defense, providing further evidence in support of his conviction.

As to Geronimo's knowledge that the ecstasy originated overseas:

> (1) A Sprint PCS business card found in Geronimo's wallet contained an Amsterdam phone number and the chemical name for ecstasy ('MDMA') scrawled on one side;

> (2) Octavio Garcia testified that he informed Geronimo on numerous occasions over a two-day period that he was waiting for Disenia Gonzalez to arrive in Boston so that he could coordinate the delivery of the drugs;

> (3) The defendant himself testified that he knew the 'vitamins' were arriving as a shipment, and that the courier transporting them was traveling through Logan Airport;

> (4) Finally, the record suggests that Nilvio (who was located in Amsterdam) and Geronimo were at least casually acquainted. Nilvio referred to Geronimo as 'Miguelin,' a nickname primarily used by Geronimo's immediate family; and

> (5) Geronimo also admitted to knowing who Nilvio was, and confirmed

14

Case 1:05-cv-10093-RGS   Document 9-2   Filed 04/20/2005   Page 1 of 20

that Nilvio had given Geronimo's cell phone and pager numbers to
Octavio Garcia.

Geronimo, 330 F.3d at 73. As stated by the First Circuit, this evidence provided "a sufficient evidentiary basis to find that Geronimo was aware that the drugs originated overseas" to support his conviction for aiding and abetting the importation. Id.

Based on all of the foregoing, the jury could reasonably infer that Geronimo aided and abetted the importation of ecstasy on December 2, 1999. The Court should reject Geronimo's challenge to the sufficiency of the evidence and dismiss his § 2255 Motion accordingly.

### D.   Geronimo's Claim of Ineffective Assistance of Counsel Fails

Geronimo also claims that he was denied effective assistance of counsel during the pretrial, trial and sentencing stages of his criminal proceedings. See § 2255 Memo. at 9-16. Specifically, according to Geronimo, during pretrial proceedings, his counsel should have: (i) moved to dismiss the indictment as untimely; (ii) challenged jurisdiction based on the AUSA's alleged failure to take the Oath of Office, and (iii) filed a motion to suppress a certain document linking Geronimo to Nilvio in Amsterdam. Id. at 10-12. During the trial stage, Geronimo argues that effective counsel would have: (i) moved to strike evidence that allegedly violated "Giglio, Brady and Rule 3500," (ii) renewed a motion for directed verdict under Rule 29, and (iii) challenged "factors introduced at trial and into the sentencing that changed the circumstances upon which petitioner was charged, convicted, and would be held culpable at sentencing beyond a reasonable doubt." Id. at 12-14. Finally, during sentencing, Geronimo asserts that he was denied effective assistance of counsel because his lawyer failed "to aggressively challenge the enhancements that went beyond the jury determination of beyond a reasonable doubt." Id. at 15. For the following reasons, this Court should summarily dismiss Geronimo's claim of ineffective assistance of counsel.

15

### 1.    Geronimo Has Failed to Meet the <u>Strickland</u> Standard

The Sixth Amendment states that "in all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense." U.S. Const. Amend. VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771, n. 14 (1970). The U.S. Supreme Court, however, has held that "judicial scrutiny of counsel's performance must be highly deferential." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." <u>Id</u>. at 689.

The standard employed for determining the merits of ineffective assistance claims is whether the assistance of defense counsel was reasonably competent, <i>i.e.</i>, whether the quality of defense counsel's representation was within the range of competence expected of attorneys in criminal cases. <u>United States v. Bosch</u>, 584 F.2d 1113, 1121 (1st Cir. 1978). Effective representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." <u>Bosch</u>, 584 F.2d at 1121. See also <u>United States v. Thomann</u>, 609 F.2d 560, 566 (1st Cir. 1979); <u>United States v. Garcia</u>, 698 F.2d 31, 35 (1st Cir. 1983). Moreover, even deficient representation is legally insignificant unless accompanied by actual prejudice. <u>United States v. McGill</u>, 11 F.3d 223, 226 (1st Cir. 1993) ("petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice'"").

In <u>Strickland</u>, the Supreme Court set forth a two-prong test for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the 6th Amendment. Second, the defendant

must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A §2255 petitioner must make these showings by a preponderance of the evidence. Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993); Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992).

### 2. Geronimo has Waived any Claim to Ineffective Assistance of Counsel by Failing to Raise it on Direct Appeal

As an initial matter, Geronimo is barred from raising this issue on collateral review because he failed to preserve it on direct appeal. See Frady, 456 U.S. at 167-68; Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002) (holding that defendant procedurally defaulted his Sixth Amendment claim by not raising issue at trial or on direct appeal); Knight v. United States, 37 F.32 769, 772 (1st Cir. 1994) (holding failure to raise constitutional issue on direct appeal will bar raising issue under § 2255 unless defendant shows cause for failure and actual prejudice). This is especially true here because: (i) all of the grounds upon which Geronimo bases this claim stem from facts known during the pretrial, trial and sentencing phases of this matter, and (ii) Geronimo was represented by counsel before both the district court and the First Circuit Court of Appeals. See Exhibit 2 at 1 (listing Attys Janet Pumphrey and Randolph Gioia as trial counsel for Geronimo); Exhibit 6 at 3. 4-5 (Notice of Appearance of Atty Gioia as counsel on appeal on June 14, 2001, and Notice of Appearance of Atty Pumphrey on March 14, 2002). As such, Geronimo has not, and can not, show cause and prejudice for failing to raise these issues on direct appeal. He is therefore procedurally barred from raising them now.

### 3. Defense Counsel's Failure to Challenge Jurisdiction Did Not Constitute Ineffective Assistance of Counsel

Geronimo's claims of ineffectiveness based on his lawyer's failure to attack jurisdiction should be summarily dismissed. First, for all of the reasons fully discussed above, Geronimo's "oath

17

of office" claim is utterly frivolous. See supra at § III(B). Defense counsel's failure to present such

a frivolous claim during pretrial proceedings clearly falls short of ineffective assistance of counsel

under the Strickland principles set forth above.

Defense counsel's failure to challenge the timeliness of the indictment under the Speedy Trial

Act ("STA") is similarly unavailing. According to Geronimo, his attorney should have moved to

dismiss the indictment as untimely because he "was arrested on December 3, 1999," at which time

the "[t]he [30-day] statutory time period under the Speedy Trial clock begins to run." § 2255 Memo.

at 11; see also 18 U.S.C. § 3162(b) (mandating that defendant must be indicted within 30 days from

date of arrest). Geronimo was indicted on January 12, 2000, forty days after his arrest. Geronimo

concludes that his indictment was untimely and his attorney was ineffective for failing to raise this

issue during pretrial proceedings.

Geronimo's analysis, however, fails to take account of periods of excludable delay. In

computing the time between arrest and indictment, the STA excludes "any periods of delay resulting

from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1). Among the kinds of

delays that are excludable from the calculation include: "(F) delay resulting from a pretrial motion,

from the filing of the motion through the conclusion of the hearing on, or other prompt disposition

of, such motion; ... and (J) delay reasonable attributable to any period, not to exceed thirty days,

during which any proceeding concerning the defendant is actually under advisement by the court."

Id. The delay resulting from a judge granting a defendant's request for continuance is also

excludable. 18 U.S.C. § 3161(h)(8)(A).

Here, after his arrest on December 3, 1999, Geronimo appeared for an Initial Appearance on

December 6, 1999. At the Initial Appearance (at which time only three (3) days had passed for

purposes of the STA), the government moved to detain Geronimo pending trial. See Exhibit 2

(Docket Sheet) at 2-3 (setting Detention Hearing for Dec. 8, 1999). The government's motion to detain Geronimo therefore stopped the STA clock as of December 6, 1999. 18 U.S.C. §§ 3161(h)(1)(F), 3161(h)(1)(J).

At the Detention Hearing on December 8, 1999, counsel for Geronimo moved to continue the hearing, which was rescheduled for December 14, 1999, and took place on December 14-15, 1999. Exhibit 2 at 3. The Court did not rule on the government's motion for detention (made December 6, 1999) until the end of the hearing on December 15, 1999. Id. As such, ten (10) excludable delays had passed for purposes of the STA. Geronimo's indictment, which was returned on January 12, 2000, was therefore timely under the STA.

###### 4.    This Court Should Reject Geronimo's Claim of Ineffective Assistance Based on Counsel's Failure to Move to Suppress Money Transfer

Geronimo also argues that he was denied effective assistance of counsel during pretrial proceedings because his lawyer "did not file a motion to suppress questionable evidence," *i.e.*, "a Pan American money transfer with the name 'Miguelin'" on it. See § 2255 Memo. at 11-12. According to Geronimo, the government introduced this money transfer as evidence showing Geronimo's participation in the conspiracy to import ecstasy into the United States. See id. at 12. In light of the jury's verdict of acquittal on the conspiracy charge, Geronimo concludes that "[w]ithout conspiring to import, a person can not reasonably aid and abet parties that the jury determined beyond a reasonable doubt, petitioner was not involved with." Id.

The Court should reject this argument for several reasons. First, Geronimo's conclusory arguments are insufficient to meet the heavy Strickland standard set forth above. See, e.g., Strickland, 466 U.S. at 689 ("judicial scrutiny of counsel's performance must be highly deferential" and petitioner must overcome "strong presumption" of effective assistance of counsel by

preponderance of evidence); Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994) (noting "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result"). Second, Geronimo's counsel represented him vigorously and effectively throughout the pretrial proceedings, including the filing of a Motion to Suppress incriminating post-arrest statements made by Geronimo and numerous pretrial motions, including Motions in Limine. See Exhibit 2 at 13, 16. Effective representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." Bosch, 584 F.2d at 1121; see also Thomann, 609 F.2d at 566; Garcia, 698 F.2d at 35. Indeed, the Sixth Amendment "does not guarantee a defendant a letter-perfect defense or a successful defense," United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991), but only "a fair trial and a competent attorney," Engle v. Isaac, 456 U.S. 107, 134 91982). Geronimo has not overcome the presumption that, under the circumstances at the time, "the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 100-01 (1955)).

Third, the significance that Geronimo attributes to this money transfer is flawed as a matter of law. Contrary to Geronimo's argument, the jury may, in fact, find a defendant guilty of aiding and abetting the importation of narcotics without finding him guilty of an underlying conspiracy to import those narcotics. As fully discussed above, and as determined by the First Circuit on direct appeal, the jury did, in fact, have sufficient evidence to find Geronimo guilty of aiding and abetting the importation of ecstasy in this matter. Geronimo, 330 F.3d at 72-73.

Finally, Geronimo has not shown by a preponderance of the evidence that the failure to move to suppress the challenged money transfer resulted in actual prejudice. See Lema, 987 F.2d at 1186

20

(§ 2255 petitioner must show both (i) deficient representation and (ii) actual prejudice by preponderance of evidence). Where (i) the government introduced this money transfer as "evidence [that] tied petitioner to the conspiracy" (as Geronimo argues, § 2255 Memo. at 12), and (ii) Geronimo was acquitted on the conspiracy charge, admission of this money transfer clearly did not result in any prejudice to Geronimo. Moreover, on direct appeal, the First Circuit did not rely on this particular piece of evidence when affirming Geronimo's conviction on the importation charge. See Geronimo, 330 F.3d at 72-73. As such, Geronimo can not make the requisite showing of "prejudice" required to succeed on this claim.

### 5    Defense Counsel Provided Vigorous and Effective Representation During Geronimo's Six-Day Trial

Turning to the trial phase of his case, Geronimo argues that he was denied effective assistance at trial because his lawyer failed to: (i) move to strike evidence that allegedly violated "Giglio, Brady and Rule 3500," (ii) renew a motion for directed verdict under Rule 29, and (iii) challenge "factors introduced at trial and into the sentencing that changed the circumstances upon which petitioner was charged, convicted, and would be held culpable at sentencing beyond a reasonable doubt." § 2255 Memo. at 12-14.

This argument fails because Geronimo does not describe what evidence was allegedly "introduced in violation of Giglio, Brady, and Rule 3500." See Lema, 987 F.2d at 51 (petitioner must show deficiency and prejudice by a preponderance of the evidence). Instead, Geronimo simply refers the Court to "page 44 of the appellee brief in the original direct appeal." § 2255 Memo. at 12-13. In light of this reference, it appears that Geronimo is referring to Trial Exhibits 53-61. See Exhibit 7 ( Appellee's Brief at 43-45). Geronimo's claim fails, however, because nowhere in his § 2255 Motion or supporting memorandum does Geronimo explain: (i) how the failure to strike this

21

evidence constitutes deficient representation, or (ii) what actual prejudice Geronimo suffered as a result of this alleged failure. As such, Geronimo has failed to satisfy either prong of the Strickland standard by a preponderance of the evidence.[3]

With respect to Geronimo's claim that he was denied effective assistance of counsel because his lawyer failed to renew his Rule 29 motion, this claim also fails. The record clearly shows that any renewed motion for a directed verdict under Rule 29 would have failed. First, as reflected on the Docket Sheet, the Court denied Geronimo's motion for judgment of acquittal at the close of the government's case. See Exhibit 2 at 9. The First Circuit, which subsequently reviewed the entire case, held that sufficient evidence existed at the end of the trial for a reasonable jury to find Geronimo guilty of aiding and abetting the importation of ecstasy. Geronimo, 330 F.3d at 73. As the same evidence was before the district court, Geronimo simply can not show by a preponderance of the evidence that the court would have allowed a renewed motion under Rule 29. A showing of actual prejudice by a preponderance of evidence is therefore impossible. As such, Geronimo's claim of ineffectiveness due to a failure to renew his Rule 29 motion must fail.

In his final challenge to the effectiveness of defense counsel during trial, Geronimo argues that his attorney failed to challenge factors that "changed the circumstances upon which petitioner was charged, convicted, and would be held culpable at sentencing." § 2255 Memo. at 14. According to Geronimo, his trial counsel was not "aware of the law as it concerns the proposition that a defendant cannot be convicted of an offense different from that which was included in the indictment." Id. In support of this argument, Geronimo cites United States v. Norris, 281 U.S. 619 (1930), which states that "nothing can be added to an indictment without concurrence of the grand

---

[3] Moreover, as Geronimo is referring to evidence already challenged on direct appeal, he is barred from relitigating this issue on collateral review. Singleton, 26 F.3d at 240.

jury by which the true bill was found." Id.

Geronimo's argument, however, lacks merit. First, nothing in Norris, or any other case cited by Geronimo, supports Geronimo's contention that he was tried and convicted of an offense different than that set forth in the indictment, in violation of his right to effective assistance of counsel. Instead, Norris simply held that a stipulation of facts could not be regarded as adding particulars to the indictment because nothing can be added to an indictment without concurrence of the grand jury. Norris, 281 U.S. at 622. Second, Geronimo's assertion that he "was tried and convicted of possession of ecstasy without a jury determination of beyond a reasonable doubt," § 22555 Memo. at 14, is simply frivolous. As evidenced by the indictment, trial and judgment in this matter, Geronimo was tried and convicted of aiding and abetting the importation of ecstasy into the United States. See, e.g., Exhibit 1. In short, Geronimo's claim that he was denied effective assistance of counsel at trial is simply frivolous.

### 6.    Defense Counsel Also Provided Effective Representation During the Sentencing Phase of Geronimo's Proceedings

Finally, Geronimo argues that he was denied effective assistance of counsel during his sentencing proceedings because his attorney failed to challenge enhancements that went beyond a jury determination of beyond-a-reasonable-doubt. § 2255 Memo. at 15. Geronimo asserts that he specifically requested his attorney to challenge his sentence under Blakely, and that his attorney did not do so. Id. at 16. Geronimo concludes that he was thereby denied his constitutional right to effective assistance of counsel. Id.

Geronimo's claim, however, fails. For all of the reasons set forth below at Section III(E), Blakely is not applicable to Geronimo's sentence. See infra at § III(E). As such, Geronimo's defense counsel's failure to raise this issue during the sentencing phase of Geronimo's trial simply

23

does not constitute ineffective assistance of counsel.  This claim should also be summarily dismissed.

**E.      The Fourth, and Final, Ground for Collateral Relief in Geronimo's § 2255 Motion is Also Subject to Summary Dismissal**

In the fourth, and final, ground for relief in Geronimo's § 2255 Motion, Geronimo argues that his sentence should be vacated because he was held culpable for facts that were not found beyond a reasonable doubt by a jury.  See § 2255 Memo. at 16-17.  Specifically, Geronimo argues that "it was unconstitutional (as delineated in Blakely vs Washington and United States vs Booker) for the district court to apply enhanced penalties on a standard that did not comply with the jury's determination of guilt beyond a reasonable doubt."  Id. at 17.  Geronimo concludes that the Court should vacate his sentence and remand for resentencing.  Id.

**1.      Geronimo's Sentence**

This Court held a sentencing hearing as to Geronimo on April 17, 2001.  See Exhibit 2 at 10. Judgment entered against Geronimo on April 27, 2001.  As stated in the Judgment, the Court found that "the obstruction of justice enhancement does apply and therefore ... the total offense level is 28 and not 26."  The Court sentenced Geronimo to 78 months imprisonment and 3 years of supervised release in accordance with the applicable guideline range of 78-97 months.  See Exhibit 3 at 7.  The First Circuit affirmed Geronimo's conviction on June 3, 2003, and the Supreme Court denied his petition for writ of certiorari on January 12, 2004.  See Exhibit 4.

**2.      Geronimo is Not Entitled to Collateral Relief under Blakely/Booker**

Geronimo now contends that his sentence is unconstitutional under Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005).  See § 2255 Memo. at 16-

24

17. However, Booker's[4] Sixth Amendment holding constitutes a "new constitutional rule of criminal procedure," which, under Teague v. Lane, 489 U.S. 288 (1989), is not retroactively applicable to cases that became final before the decision was announced. The Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2526 (2004), clearly indicates that Booker is a new procedural rule that is not retroactive to cases on collateral review. In Summerlin, the Court considered whether Ring v. Arizona, 536 U.S. 584 (2002), applies retroactively to cases that had already become final when Ring was decided. Ring held that because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi v. New Jersey, 530 U.S. 466 (2000) required the existence of such a factor to be proved to a jury rather than to a judge. Summerlin's conviction and death sentence, which was imposed under the same Arizona law that was at issue in Ring, became final long before Ring was decided. The Supreme Court held that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." 124 S. Ct. at 2526. The Court also held that Ring did not fall within Teague's narrow exception for "watershed rules" of criminal procedure. Consistent with the reasoning of Summerlin, the Sixth Amendment jury-trial holding of Booker is also not a watershed rule of criminal procedure.

Under Booker and Apprendi, the error in enhancing a defendant's sentence based on facts found by the judge also involves a deprivation of the due process right to proof beyond a reasonable doubt. Nevertheless, all of the courts of appeals that have considered the question have held that Apprendi is a procedural rule that does not fall within the "watershed" exception in Teague, and that Apprendi claims are therefore not cognizable on collateral review. See, e.g., Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); United

---

[4] For purposes of this argument, the Government's references to "Booker" apply equally as to Geronimo's claim under Blakely, as "Blakely claims are now viewed through the lens of [Booker]." Cirilo-Munoz v. United States, — F.3d —, 2005 WL 858324, *5 (1st Cir., April 15, 2005).

States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); Curtis v. United States, 394 F.3d 841 (7th Cir. 2002); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001). The same is true for Booker challenges to sentences imposed under the Guidelines.

If Geronimo is arguing that Booker is substantive because the Court's remedial opinion excised the portions of the sentencing statutes that made the Guidelines mandatory and allowed the imposition of a "reasonable" sentence below the Guidelines sentence, it should be clear that the remedial opinion is not substantive because it does not "alter the range of conduct or the class of persons that the law punishes." Summerlin, 124 S. Ct. at 2523 (citing Bousley v. United States, 523 U.S. 614, 620-621 (1998), and Saffle v. Parks, 494 U.S. 484, 495 (1990)).

Even assuming arguendo the remedial opinion in Booker is retroactive as a substantive rule, a claim under that rule is not cognizable on collateral review. There is simply no fundamental miscarriage of justice in the imposition of a Guidelines sentence, which is not an unreasonable sentence, and the deprivation of additional judicial discretion to impose a reasonable sentence other than the Guidelines sentence is not fundamentally unfair. See United States v. Timmreck, 441 U.S. 780, 783 (1979); Hill v. United States, 368 U.S. 424, 428 (1962).[5]

The First Circuit's recent decision in Cirilo-Munoz v. United States, — F.3d —, 2005 WL 858324 (1st Cir., April 15, 2005) is instructive. There, the defendant raised the same Booker

---

[5] Moreover, even if this case was still on direct appeal (which it is not), Geronimo's Booker claims would fail because he cannot "point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." United States v. Antonakopoulos, 399 F.3rd 68, 75 (1st Cir. 2005).

challenge as raised by Geronimo. In rejecting the claim, the First Circuit stated as follows:

> In our view, the use of judge-made findings at sentencing does not undermine "accuracy" (in terms of substantially different outcomes) or undermine fundamental fairness. Such judge-made findings have been the conventional practice throughout our nation's history. They will, post-*Booker*, continue to be the rule where the sentence is within statutory limits. We have already decided that *Apprendi*, 530 U.S. at 430, which provides jury trials for increasing statutory maximums, would not apply retroactively. *See Sepulveda*, 330 F.3d at 61-63. This resolves any comparable *Blakely*-like claim in this circuit.

Cirilo-Munoz, — F.3d —, 2005 WL 858324 at *5.

Finally, defendant Geronimo has failed to show both "cause" for his failure to raise the issue at trial and on direct appeal, and "actual prejudice" resulting from the Booker error. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152 (1982). As to "cause," even though prior to Blakely, every court of appeals had rejected challenges to the Sentencing Guidelines under Apprendi, see Blakely, 124 S. Ct. at 2547 n.1 (O'Connor, J., dissenting)(citing cases), "the futility of presenting an objection *** cannot alone constitute cause for a failure to object at trial." Engle v. Isaac, 456 U.S. 107, 130 (1982); see Bousley v. United States, 523 U.S. 614, 623 (1998). Geronimo has also failed to show "actual prejudice," *i.e.*, that the error "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 170. This is a demanding standard which Geronimo has not met; it requires the defendant to carry a burden "significantly higher" than he would be required to satisfy on direct review under the plain-error standard. Id. at 167. As evidenced by the judgment, Exhibit 3, Geronimo received a sentence (78 months) that was: (i) far less than that authorized by statute (up to 20 years); (ii) on the low end of the applicable guideline sentencing range (78-97 months); and (iii) within the guideline range that would have been applicable if the Court had denied the government's request for a 2-level enhancement for obstruction of justice (63-78 months). As such, Geronimo did not, and could not,

27

make the requisite showing of actual prejudice.

## IV.  <u>CONCLUSION</u>

For all of the foregoing reasons, the United States respectfully submits that Petitioner Manuel

Geronimo's § 2255 Motion should be denied and that this matter should be summarily dismissed.

DATED:    April 20, 2005                              Respectfully submitted,

                                                      MICHAEL J. SULLIVAN
                                                      United States Attorney


                                      By:     _____
                                                      LISA M. ASIAF
                                                      Assistant U.S. Attorney
                                                      Tel:  (617) 748-3268

28

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery to Manuel Geronimo, Reg. No. 22893-038, F.M.C. Devens, Box 879, Ayer, MA 01432.

This 20th day of April 2005.

LISA M. ASIAF
ASSISTANT UNITED STATES ATTORNEY

29

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )VIOLATIONS: 00 - 10013 - RGS
)
              v.           )21 U.S.C. §963 - Conspiracy to
                           )Import 3,4
                           )Methylenedioxymethamphetamine/MDMA
MANUEL GERONIMO,           )
a/k/a "Manny",             )
OCTAVIO VIVIATO GARCIA,    )21 U.S.C. §952(a) - Importation  **DOCKETED**
DISENIA GONZALEZ, and      )Of 3,4
JAVIER PLACENCIO VERA,     )Methylenedioxymethamphetamine/
                           )MDMA
                           )
      Defendants.          )18 U.S.C. §2 - Aiding and Abetting

## INDICTMENT

**COUNT ONE:**     **(21 United States Code, Section 963 - Conspiracy
                    to Import 3,4 Methylenedioxymethamphetamine/MDMA)**

The Grand Jury charges that:

     From on or about November 29, 1999, and continuing until on

or about December 3, 1999, at Boston, at Saugus, and at Revere in

the District of Massachusetts, at Amsterdam, the Netherlands, and

elsewhere,

                    **MANUEL GERONIMO,**
                    **a/k/a "Manny",**
                 **OCTAVIO VIVIATO GARCIA,**
                 **DISENIA GONZALEZ, and**
                 **JAVIER PLACENCIO VERA,**

defendants herein, knowingly and intentionally combined,

conspired and agreed with each other and with other persons known

and unknown to the Grand Jury, to import into the United States,

from a place outside thereof, namely Amsterdam, the Netherlands,

a quantity of 3,4 Methylenedioxymethamphetamine/MDMA, a Schedule

I controlled substance, in violation of Title 21, United States



2

Code, Section 952(a).

All in violation of Title 21, United States Code, Section

963.

3

COUNT TWO:        (21 United States Code, Section 952(a) -
                  Illegal Importation of 3,4
                  Methylenedioxymethamphetamine/MDMA; 18 United
                  States Code, Section 2 - Aiding and
                  Abetting)

The Grand Jury further charges that:

On or about December 2, 1999, at Boston, at Saugus, and at

Revere in the District of Massachusetts, at Amsterdam, the

Netherlands, and elsewhere,

                     MANUEL GERONIMO,
                     a/k/a "Manny",
              OCTAVIO VIVIATO GARCIA, and
                    DISENIA GONZALEZ,

defendants herein, in furtherance of the conspiracy charged in

Count One, did knowingly, intentionally and unlawfully import

into the United States, from a place outside thereof, namely

Amsterdam, the Netherlands, a quantity of 3,4

Methylenedioxymethamphetamine/MDMA, a Schedule I controlled

substance.

All in violation of Title 21, United States Code, Section

952(a) and Title 18, United States Code, Section 2.

4

**COUNT THREE:**     (21 United States Code, Section 952(a) -
                    **Illegal Importation of 3,4**
                    **Methylenedioxymethamphetamine/MDMA; 18 United**
                    **States Code, Section 2 - Aiding and**
                    **Abetting)**

The Grand Jury further charges that:

On or about December 2, 1999, at Boston, at Saugus, and at

Revere in the District of Massachusetts, at Amsterdam, the

Netherlands, and elsewhere,

**JAVIER PLACENCIO VERA,**

defendant herein, in furtherance of the conspiracy charged in

Count One, did knowingly, intentionally and unlawfully import

into the United States, from a place outside thereof, namely

Amsterdam, the Netherlands, a quantity of 3,4

Methylenedioxymethamphetamine/MDMA, a Schedule I controlled

substance.

All in violation of Title 21, United States Code, Section

952(a) and Title 18, United States Code, Section 2.

5

A TRUE BILL

*Robert Pancoth*

FOREPERSON OF THE GRAND JURY

*Robert h. Keslor.*

ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; January 12, 2000 @ 2 PM.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

CLOSED

# United States District Court
## District of Massachusetts (Boston)
### CRIMINAL DOCKET FOR CASE #: 1:00-cr-10013-RGS-1

Case title: USA v. Geronimo, et al                     Date Filed: 01/12/2000
Magistrate judge case number: 1:99-mj-01502

Assigned to: Judge Richard G. Stearns

**Defendant**

**Manuel Geronimo (1)**                    represented by    **Janet H. Pumphrey**
*TERMINATED: 04/30/2001*                                    45 Walker Street
                                                            Lenox, MA 01240
                                                            413-637-2777
                                                            Fax: 413-637-1640
                                                            Email: jhpumphrey@aol.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

                                                            **Randolph M. Gioia**
                                                            Law Office Of Randolph Gioia
                                                            24 School St.
                                                            8th Floor
                                                            Boston, MA 02108
                                                            617-367-2480
                                                            Fax: 617-723-5601
                                                            Email: Randygioia@aol.com
                                                            *TERMINATED: 04/30/2001*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

**Pending Counts**                         **Disposition**

21:952(a),18:2 Illegal importation of 3,4    Seventy eight (78) months
Methylenedioxymethamphetamine/MDMA;          imprisonment. Thirty six (36) months
and aiding and abetting                      supervised release with standard and
(2)                                          special conditons. .00 special
                                             assessment forthwith.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                **Disposition**

21:963 Conspiracy to import 3,4
Methylenedioxymethamphetamine/MDMA
(1)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                       **Disposition**

None

---

**Notice**

**Pretrial Services**                  represented by  **Pretrial Services**
                                                       US Pretrial Services
                                                       1 Courthouse Way
                                                       Boston, MA 02210
                                                       *ATTORNEY TO BE NOTICED*

---

**Plaintiff**

**USA**                                represented by  **Robert L. Peabody**
                                                       United States Attorney's Office
                                                       John Joseph Moakley Federal
                                                       Courthouse
                                                       1 Courthouse Way
                                                       Suite 9200
                                                       Boston, MA 02210
                                                       617-748-3240
                                                       Fax: 617-748-3965
                                                       Email: robert.peabody@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/1999 | 1 | COMPLAINT as to Garcia Octavio Viviato, Manual Geronimo , filed. Pretrial Services [ 1:99-m -1502 ] (mlb) (Entered: 12/07/1999) |
| 12/03/1999 | 2 | AFFIDAVIT of Michael Grady, as to Garcia Octavio Viviato, Manual Geronimo , re: [1-1] complaint , filed. [ 1:99-m -1502 ] (mlb) (Entered: 12/07/1999) |
| 12/03/1999 | | ARREST of Garcia Octavio Viviato, Manual Geronimo . [ 1:99-m -1502 ] (mlb) (Entered: 12/07/1999) |
| 12/06/1999 | | Initial appearance as to Garcia Octavio Viviato, Manual Geronimo held ; |

| | | |
|---|---|---|
| | | Detention Hearing set for 10:30 12/8/99 for Garcia Octavio Viviato, for Manual Geronimo (Defendant informed of rights.) [ 1:99-m -1502 ] (Entered: 12/07/1999) |
| 12/06/1999 | 4 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Garcia Octavio Viviato, Manual Geronimo , re: Initial Appearance held. Defendants informed of charges and rights. Defendant Viviato informs the Court that he cannot afford a lawyer. Dft. Geronimo informs the Court that his familyl is searching for an attorney. Govt. requests Detention as to both dfts. Detention hearing set for 12/8/99 at 10:30. Court Reporter: Tape 99-44 [ 1:99-m -1502 ] (mlb) (Entered: 12/07/1999) |
| 12/08/1999 | | Detention hearing as to Garcia Octavio Viviato, Manual Geronimo held. unsel for Octavio Viviato Garcia informs the Court that his client stipulates to probable cause and consents to voluntary detention. Court to issue order of voluntary detention as to deft Garcia. Counsel for Manual Geronomo requests a continuance. Detention hearing for Manual Geronomo continued to 12/14/99 at 3:00 p.m. [ 1:99-m -1502 ] (eaf) (Entered: 12/08/1999) |
| 12/08/1999 | 5 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Garcia Octavio Viviato, Manual Geronimo , re: detention hearing;, reset Detention Hearing for 3:00 12/14/99 for Manual Geronimo ; [ 1:99-m -1502 ] (eaf) (Entered: 12/08/1999) |
| 12/14/1999 | | Detention hearing as to Manual Geronimo held . [ 1:99-m -1502 ] (kf) (Entered: 12/15/1999) |
| 12/14/1999 | 7 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Manual Geronimo , re: case called for detention; Government presents its case. Court suspends hearing until 12/15/99 at 12:30; Court Reporter: tape 99-50 [ 1:99-m -1502 ] (kf) (Entered: 12/15/1999) |
| 12/15/1999 | 8 | MOTION by Manual Geronimo for Release from Custody on conditions , filed. c/s [ 1:99-m -1502 ] (kf) (Entered: 12/16/1999) |
| 12/15/1999 | 9 | NOTICE of Appearance of counsel for Manual Geronimo , by Attorney Randolph Gioie. [ 1:99-m -1502 ] (kf) (Entered: 12/16/1999) |
| 12/15/1999 | | Detention hearing as to Manual Geronimo held . [ 1:99-m -1502 ] (kf) (Entered: 12/16/1999) |
| 12/15/1999 | 10 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Manual Geronimo, re: detention hearing; Government continues with presentation of its case. Government makes closing argument on probable cause. Court finds probable cause. Court inquires of counsel as to any agreement on detention. Court releases defendant on $200,000. bond and $25,000. cash secured by defendants three brothers. Court sets conditions of release; Court Reporter: tape 99-50 [ 1:99-m -1502 ] (kf) (Entered: 12/16/1999) |
| 12/15/1999 | 11 | Mag. Judge Marianne B. Bowler . ORDER entered setting Conditions of |

| | | |
|---|---|---|
| | | Release for Manual Geronimo. "....defendant promises to appear at all proceedings as required...travel restricted to visiting attorney once per week and 911 emergencys with permission of pretrial services...defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon...refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances...defendant shall execute a bond in the amount of $200,000. ($25,000. cash secured by three brothers)...defendant shall surrender any passport...defendant shall obtain no passport...defendant to be placed on electronic bracelet and to reside with his girlfriend at 68 Bunker Hill in Lawrence, MA...Ms. Estevez is to surrender her U.S. passport and is not to obtain a new passport...subject to random drug testing...defendant shall report any new arrest within 24 hours to pretrial services." cc/cl [ 1:99-m -1502 ] (kf) (Entered: 12/16/1999) |
| 12/23/1999 | 12 | Mag. Judge Marianne B. Bowler. Standing Procedural ORDER entered as to Manual Geronimo : . [ 1:99-m -1502 ] (eaf) (Entered: 12/27/1999) |
| 01/12/2000 | 13 | INDICTMENT returned Manuel Geronimo (1) count(s) 1, 2, Octavio Viviato Garcia (2) count(s) 1, 2, Disenia Gonzalez (3) count(s) 1, 2, Javier Placencio Vera (4) count(s) 1, 3 .(vah) Modified on 01/19/2000 (Entered: 01/13/2000) |
| 01/19/2000 | 14 | NOTICE issued of Arraignment as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera, set Arraignment for 11:00 2/8/00 for Manuel Geronimo, for Octavio Viviato Garcia, for Disenia Gonzalez, for Javier Placencio Vera before Mag. Judge Marianne B. Bowler . cc/cl. (rca) (Entered: 01/19/2000) |
| 01/19/2000 | 15 | Summons issued for Manuel Geronimo to appear for arraignment on 2/8/00 at 11:00 a.m.. (rca) (Entered: 01/19/2000) |
| 01/19/2000 | | Summons and Notice of Arraignment sent by Certified Mail on 1/19/00 to Manuel Geronimo. (rca) (Entered: 01/19/2000) |
| 01/25/2000 | | Return receipt rec'd for mail sent to Manuel Geronimo, with delivery on (not indicated), accepted by: Nestor Geronimo. (rca) (Entered: 01/26/2000) |
| 01/27/2000 | 16 | Transcript of proceedings held on 12/14/99 hearing date: before Judge: Bowler, as to Manuel Geronimo, Disenia Gonzalez , filed. (eaf) (Entered: 01/27/2000) |
| 01/27/2000 | 17 | Transcript of proceedings held on 12/15/99 before Judge: Bowler, as to Manuel Geronimo , filed. (eaf) (Entered: 01/27/2000) |
| 02/02/2000 | 19 | MOTION by Manuel Geronimo to Modify Conditions of Release , filed. (eaf) (Entered: 02/08/2000) |
| 02/08/2000 | | Arraignment as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera held Manuel Geronimo (1) count(s) 1, 2, Octavio Viviato Garcia (2) count(s) 1, 2, Disenia Gonzalez (3) count(s) 1, 2, Javier Placencio Vera (4) count(s) 1, 3 . (eaf) (Entered: 02/08/2000) |

| 02/08/2000 | | PLEA entered by Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera . Court accepts plea. Not Guilty: , Manuel Geronimo (1) count(s) 1, 2, Octavio Viviato Garcia (2) count(s) 1, 2, Disenia Gonzalez (3) count(s) 1, 2, Javier Placencio Vera (4) count (s) 1, 3 (eaf) (Entered: 02/08/2000) |
|---|---|---|
| 02/08/2000 | 18 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera , re: arraignment;, set status conference for 10:30 3/29/00 for Manuel Geronimo, for Octavio Viviato Garcia, for Disenia Gonzalez, for Javier Placencio Vera before Mag. Judge Marianne B. Bowler ; (eaf) (Entered: 02/08/2000) |
| 02/08/2000 | | Mag. Judge Marianne B. Bowler . ENDORSED ORDER as to Manuel Geronimo : granting [19-1] motion to Modify Conditions of Release as to Manuel Geronimo (1). "Allowed with the restriction that deft is subject to a curfew from 6:00 p.m. to 7:00 a.m. In addition, deft is to report to PTS twice a week, Monday and Thursday, before noon and the deft is subject to random drug testing." cc: all counsel of record. (eaf) (Entered: 02/08/2000) |
| 02/23/2000 | 20 | MOTION by Manuel Geronimo to Modify Conditions of Release , filed. (eaf) (Entered: 02/24/2000) |
| 03/13/2000 | | Motion hearing as to Manuel Geronimo re: [20-1] motion to Modify Conditions of Release . (eaf) (Entered: 03/15/2000) |
| 03/13/2000 | 22 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Manuel Geronimo , re: motion hearing; granting [20-1] motion to Modify Conditions of Release as to Manuel Geronimo (1); (eaf) (Entered: 03/15/2000) |
| 04/10/2000 | 28 | MOTION by USA , as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera to continue , filed. (eaf) (Entered: 04/11/2000) |
| 04/11/2000 | | Mag. Judge Marianne B. Bowler . ENDORSED ORDER as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera : granting [28-1] motion to continue as to Manuel Geronimo (1), Octavio Viviato Garcia (2), Disenia Gonzalez (3), Javier Placencio Vera (4). "The matter is rescheduled for 5/1/200 at 10:00 a.m." cc: all counsel of record. (eaf) (Entered: 04/12/2000) |
| 04/27/2000 | 29 | MOTION by Manuel Geronimo to Modify Conditions of Release , filed. (eaf) (Entered: 04/27/2000) |
| 04/27/2000 | | Mag. Judge Marianne B. Bowler . ENDORSED ORDER as to Manuel Geronimo : granting [29-1] motion to Modify Conditions of Release as to Manuel Geronimo (1). (eaf) (Entered: 04/28/2000) |
| 05/01/2000 | | Status conference as to Manuel Geronimo, Octavio Viviato Garcia held . (eaf) (Entered: 05/01/2000) |
| 05/01/2000 | 30 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Manuel |

| | | |
|---|---|---|
| | | Geronimo, Octavio Viviato Garcia , re: initial status conference;, reset status conference for 3:30 6/6/00 for Manuel Geronimo, for Octavio Viviato Garcia ; (eaf) (Entered: 05/01/2000) |
| 05/05/2000 | 31 | Mag. Judge Marianne B. Bowler . ORDER ON EXCLUDABLE DELAY entered as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera . Time ordered excluded from 5/1/00 to 6/6/00. (eaf) (Entered: 05/16/2000) |
| 05/12/2000 | 31 | MOTION by USA , as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera to allow excludable time from 5/1/00 to 6/6/00 , filed. (eaf) (Entered: 05/15/2000) |
| 05/15/2000 | | Mag. Judge Marianne B. Bowler . ENDORSED ORDER as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera : granting [31-1] motion to allow excludable time from 5/1/00 to 6/6/00 as to Manuel Geronimo (1). (eaf) (Entered: 05/16/2000) |
| 06/06/2000 | | Further Initial Status conference as to Manuel Geronimo, Octavio Viviato Garcia held . (eaf) (Entered: 06/07/2000) |
| 06/06/2000 | 32 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Manuel Geronimo, Octavio Viviato Garcia , re: status conference;, reset status conference for 2:00 7/24/00 for Manuel Geronimo, for Octavio Viviato Garcia Counsel to file joint motion to exclude time.; (eaf) (Entered: 06/07/2000) |
| 06/06/2000 | 33 | STATUS REPORT by Manuel Geronimo, Octavio Viviato Garcia, USA , filed. (eaf) (Entered: 06/07/2000) |
| 06/08/2000 | 35 | MOTION by USA , as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera for order of excludable time from 6/6/00 to 7/24/00 , filed. (eaf) (Entered: 06/09/2000) |
| 06/09/2000 | | Mag. Judge Marianne B. Bowler . ENDORSED ORDER as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera : granting [35-1] motion for order of excludable time from 6/6/00 to 7/24/00 as to Manuel Geronimo (1). (eaf) (Entered: 06/12/2000) |
| 07/24/2000 | | Status conference as to Manuel Geronimo, Octavio Viviato Garcia held . (eaf) (Entered: 07/25/2000) |
| 07/24/2000 | 39 | Mag. Judge Marianne B. Bowler . CLERK'S NOTES as to Manuel Geronimo, Octavio Viviato Garcia , re: final status conference. Deft Geronimo to file motion to suppress 8/28/00. (eaf) (Entered: 07/25/2000) |
| 07/24/2000 | 40 | Mag. Judge Marianne B. Bowler . Final STATUS REPORT filed by Magistrate as to Manuel Geronimo, Octavio Viviato Garcia Case returned to DJ (eaf) (Entered: 07/25/2000) |
| 07/24/2000 | 41 | Final STATUS REPORT by Manuel Geronimo, Octavio Viviato Garcia as to Manuel Geronimo, Octavio Viviato Garcia , filed. (eaf) (Entered: 07/25/2000) |

| 07/25/2000 |  | CASE NO LONGER REFERRED TO Mag. Judge Marianne B. Bowler . (eaf) (Entered: 07/25/2000) |
|---|---|---|
| 08/25/2000 | 43 | MOTION by Manuel Geronimo to suppress statements , filed. (eaf) (Entered: 08/28/2000) |
| 08/25/2000 | 44 | AFFIDAVIT of Maneul Geronimo, , re: in support of motion to suppress statements , filed. (eaf) (Entered: 08/28/2000) |
| 08/30/2000 | 45 | NOTICE issued of Hearing/trial assignment Conference as to Manuel Geronimo, Octavio Viviato Garcia, set status conference for 4:00 9/11/00 for Manuel Geronimo, for Octavio Viviato Garcia (eaf) (Entered: 08/30/2000) |
| 09/08/2000 | 46 | MOTION by USA , as to Manuel Geronimo to extend time to 9/18/00 to oppose motion to suppress , filed. (eaf) (Entered: 09/11/2000) |
| 09/11/2000 | 47 | Judge Richard G. Stearns . CLERK'S NOTES as to Manuel Geronimo, Octavio Viviato Garcia , re: trial assignment; ; Court Reporter: J. Ruggieri. Atty. Levine participates by phone. A motion to suppress filed by deft Geromino requires an evidentiary hearing and is scheduled for 10/5/00 at 10:00 a.m. Court orders both defts to be present for the hearing. A spanish interpreter will be needed. The Govt's motion to extend time for filing response to motion to suppress is Allowed (#46). (eaf) (Entered: 09/18/2000) |
| 09/12/2000 |  | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [46-1] motion to extend time to 9/18/00 to oppose motion to suppress as to Manuel Geronimo (1). (eaf) (Entered: 09/18/2000) |
| 09/18/2000 | 48 | MOTION by USA , as to Manuel Geronimo to extend time to 9/22/00 to oppose mtn to suppress , filed. (eaf) (Entered: 09/19/2000) |
| 09/22/2000 |  | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [48-1] motion to extend time to 9/22/00 to oppose mtn to suppress as to Manuel Geronimo (1). (eaf) (Entered: 09/25/2000) |
| 09/28/2000 | 49 | MOTION by USA , as to Manuel Geronimo for leave to file opp to motion to suppress late - attached , filed. (eaf) (Entered: 09/28/2000) |
| 09/28/2000 |  | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [49-1] motion for leave to file opp to motion to suppress late - attached as to Manuel Geronimo (1). cc: all counsel of record. (eaf) (Entered: 09/29/2000) |
| 09/28/2000 | 50 | MEMORANDUM by USA as to Manuel Geronimo in opposition to [43-1] motion to suppress statements , filed. (eaf) (Entered: 09/29/2000) |
| 10/03/2000 | 51 | MOTION by USA , as to Manuel Geronimo to continue hearing , filed. (eaf) (Entered: 10/04/2000) |
| 10/03/2000 |  | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [51-1] motion to continue hearing as to Manuel |

| | | |
|---|---|---|
| | | Geronimo (1), Motion hearing set for 10:00 11/13/00 for Manuel Geronimo for [43-1] motion to suppress statements . (eaf) (Entered: 10/04/2000) |
| 11/13/2000 | | Motion hearing as to Manuel Geronimo re: [43-1] motion to suppress statements Motion hearing held . (eaf) (Entered: 11/16/2000) |
| 11/13/2000 | 59 | Judge Richard G. Stearns . CLERK'S NOTES as to Manuel Geronimo , re: motion to suppress hearing; [43-1] motion to suppress statements taken under advisement as to Manuel Geronimo (1); Court Reporter: J. Gibbons. Counsel may have one week to file any additional memoranda. Matter then comes under advisement. (eaf) (Entered: 11/16/2000) |
| 11/17/2000 | 61 | Judge Richard G. Stearns . ORDER entered as to Manuel Geronimo, Octavio Viviato Garcia :, Jury trial for 9:00 1/16/01 for Manuel Geronimo, for Octavio Viviato Garcia . (eaf) (Entered: 11/20/2000) |
| 11/22/2000 | 64 | MOTION by Manuel Geronimo to extend time to 11/30/00 to file memo in support of motion to suppress , filed. (eaf) (Entered: 11/27/2000) |
| 11/27/2000 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [64-1] motion to extend time to 11/30/00 to file memo in support of motion to suppress as to Manuel Geronimo (1). (eaf) (Entered: 11/28/2000) |
| 12/22/2000 | 65 | Judge Richard G. Stearns . MEMORANDUM AND ORDER as to Manuel Geronimo : denying [43-1] motion to suppress statements as to Manuel Geronimo (1). cc: all counsel of record. (eaf) (Entered: 12/27/2000) |
| 01/10/2001 | 66 | Exhibit list by USA as to Manuel Geronimo , filed. (eaf) (Entered: 01/10/2001) |
| 01/10/2001 | 67 | Witness list by USA as to Manuel Geronimo , filed. (eaf) (Entered: 01/10/2001) |
| 01/10/2001 | 68 | Response by USA to Uniform Order on Automatic Discovery as to Manuel Geronimo , filed. (eaf) (Entered: 01/10/2001) |
| 01/10/2001 | 69 | Witness list by Manuel Geronimo , filed. (eaf) (Entered: 01/10/2001) |
| 01/10/2001 | 70 | MOTION by Manuel Geronimo in limine prohibit Govt from eliciting testimony from cooperating witness , filed. (eaf) (Entered: 01/10/2001) |
| 01/10/2001 | 71 | MOTION by Manuel Geronimo in limine prohibit Govt from using written transcripts of audio and videotaped conversations , filed. (eaf) (Entered: 01/10/2001) |
| 01/10/2001 | 72 | Proposed Voir Dire Questions by Manuel Geronimo as to Manuel Geronimo , filed. (eaf) (Entered: 01/10/2001) |
| 01/10/2001 | 73 | MOTION by Manuel Geronimo for leave to file jury instruction after 1/9/01 , filed. (eaf) (Entered: 01/10/2001) |
| 01/11/2001 | | Proposed Jury Instrcutions by USA as to Manuel Geronimo received for |

| | | |
|---|---|---|
| | | filing. (eaf) (Entered: 01/12/2001) |
| 01/12/2001 | 74 | RESPONSE by USA as to Manuel Geronimo in opposition to [71-1] motion in limine prohibit Govt from using written transcripts of audio and videotaped conversations , filed. (eaf) (Entered: 01/16/2001) |
| 01/15/2001 | 75 | MEMORANDUM by USA as to Manuel Geronimo in opposition to [70-1] motion in limine prohibit Govt from eliciting testimony from cooperating witness , filed. (eaf) (Entered: 01/16/2001) |
| 01/16/2001 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [73-1] motion for leave to file jury instruction after 1/9/01 as to Manuel Geronimo (1). (eaf) (Entered: 01/25/2001) |
| 01/16/2001 | 77 | MEMORANDUM by USA as to Manuel Geronimo in opposition to [70-1] motion in limine prohibit Govt from eliciting testimony from cooperating witness , filed. (eaf) (Entered: 01/25/2001) |
| 01/16/2001 | | Voir dire begun as to Manuel Geronimo (1) count(s) 1, 2. (eaf) (Entered: 01/25/2001) |
| 01/16/2001 | | Jury trial begins, day one as to Manuel Geronimo. Jury of 14 persons selected and sworn. Adjourn 1:00 p.m. (eaf) (Entered: 01/25/2001) |
| 01/17/2001 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : denying [70-1] motion in limine prohibit Govt from eliciting testimony from cooperating witness as to Manuel Geronimo (1). (eaf) (Entered: 01/25/2001) |
| 01/17/2001 | | Jury trial as to Manuel Geronimo held, day two. Court gives preliminary instructions to the jury. Govt opening statement. Deft's opening statement. Testimony; evidence. Adjourn 1:32 p.m. (eaf) (Entered: 01/25/2001) |
| 01/18/2001 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : denying [71-1] motion in limine prohibit Govt from using written transcripts of audio and videotaped conversations as to Manuel Geronimo (1). (eaf) (Entered: 01/25/2001) |
| 01/18/2001 | | Jury trial as to Manuel Geronimo held, day three. Court conducts voir dire examination of Interpreter Deborah Huacuja out of presence of jury. Adjourn 1:40 p.m. (eaf) (Entered: 01/25/2001) |
| 01/19/2001 | 78 | STIPULATION re: Quantity of Ecstasy by Manuel Geronimo, USA , filed. (eaf) (Entered: 01/25/2001) |
| 01/19/2001 | 79 | MOTION by Manuel Geronimo for Judgment of Acquittal , filed. (eaf) (Entered: 01/25/2001) |
| 01/19/2001 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : denying [79-1] motion for Judgment of Acquittal as to Manuel Geronimo (1). (eaf) (Entered: 01/25/2001) |
| 01/19/2001 | | Jury trial as to Manuel Geronimo held, day four. govt rests. Deft moves for judgment of acquittal. Court denies same. Adjourn 1:30 p.m. (eaf) |

| | | |
|---|---|---|
| | | (Entered: 01/25/2001) |
| 01/22/2001 | | Jury trial as to Manuel Geronimo held, day five. Deft rests. Court holds charge conference with counsel. Govt's closing arguments 1:45 p.m. to 2:15 p.m. Deft's closing argument 2:15 p.m. to 3:15 p.m. Govt's rebuttal 2:15 p.m. to 3:20 p.m. Court's charge to jury 3:20 p.m. to 3:50 p.m. Deliberations begin at 3:50 p.m. Jury allowed to go home at 4:10 p.m. (eaf) (Entered: 01/25/2001) |
| 01/22/2001 | 80 | Reply by Manuel Geronimo to Govt's request for willful blindness instruction (eaf) (Entered: 01/25/2001) |
| 01/22/2001 | 81 | Jury Instructions as to Manuel Geronimo , filed. (eaf) (Entered: 01/25/2001) |
| 01/23/2001 | | Jury trial as to Manuel Geronimo held, day six. Deliberations resume at 9:10 a.m. Jury has 2 questions at 1:10 p.m. Jury is brought down at 1:25 p.m. Deliberations resume at 1:30 p.m. Jury has question at 2:15 p.m. and brought down at 2:45 p.m. Deliberations resume at 2:55 p.m. Jury has verdict at 4:45 p.m. as follows: count one: Not guilty. Count two: guilty. Jury excused. Govt moves for revocation of deft's bail. Court revokes bail and deft taken into custody by US Marshals. (eaf) (Entered: 01/25/2001) |
| 01/23/2001 | 82 | JURY VERDICT as to Manuel Geronimo Guilty: Manuel Geronimo (1) count(s) 2 , Not Guilty: Manuel Geronimo (1) count(s) 1 . (eaf) (Entered: 01/25/2001) |
| 01/24/2001 | 83 | Judge Richard G. Stearns . Procedural ORDER re: sentencing hearing entered as to Manuel Geronimo :, set Sentencing for 2:00 4/17/01 for Manuel Geronimo . (eaf) (Entered: 01/25/2001) |
| 04/13/2001 | 89 | SENTENCING MEMORANDUM by Manuel Geronimo , filed. (eaf) (Entered: 04/19/2001) |
| 04/17/2001 | 90 | MOTION by Manuel Geronimo for transcript of court proceedings , filed. (eaf) (Entered: 04/19/2001) |
| 04/17/2001 | 91 | AFFIDAVIT of M. Geronimo, in support of #90- , filed. (eaf) (Entered: 04/19/2001) |
| 04/17/2001 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [90-1] motion for transcript of court proceedings as to Manuel Geronimo (1). (eaf) (Entered: 04/19/2001) |
| 04/17/2001 | | Sentencing held Manuel Geronimo (1) count(s) 2 .Govt argues for 2 level enhancement and after hearing that request is allowed. Court departs 2 levels upward for obstruction of justice. After hearing, deft's motion for downward departure is denied. Seventy eight (78) months to be served. Thirty six (36) months supervised release with special conditions. Deft not purchase or possess firearm, dangerous weapon. If ordered deported, leave USA and not return without prior written permission of US Atty General. Special assessment $100.00 forthwith. Court recommends commitment to a facility as close to Lawrence, MA as possible to the BOP. Notified of right to appeal. (eaf) (Entered: 04/19/2001) |

| 04/24/2001 | | First appearance through counsel as to Manuel Geronimo . (eaf) (Entered: 04/30/2001) |
|---|---|---|
| 04/27/2001 | 93 | Judge Richard G. Stearns . JUDGMENT entered Manuel Geronimo (1) count(s) 2. Seventy eight (78) months imprisonment. Thirty six (36) months supervised release with standard and special conditons. $100.00 special assessment forthwith. (eaf) (Entered: 04/30/2001) |
| 04/30/2001 | | **JS3 Closing Card for Manuel Geronimo Terminated Defendant Manuel Geronimo (eaf) (Entered: 04/30/2001) |
| 05/02/2001 | 94 | NOTICE OF APPEAL by Manuel Geronimo , filed. Manuel Geronimo (1) count(s) 2 Fee Status: none Appealing: [93-1] judgment order Appeal record due on 5/17/01 for Manuel Geronimo (eaf) (Entered: 05/02/2001) |
| 05/04/2001 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to Manuel Geronimo , re: [94-1] appeal . (jr) (Entered: 05/04/2001) |
| 05/08/2001 | | Transmitted Supplemental Record on Appeal: as to Manuel Geronimo , re: [94-1] appeal . Document numbers: P.S.R. (jr) (Entered: 05/08/2001) |
| 05/08/2001 | | U.S. Court of Appeals Case Number as to Manuel Geronimo , re: [94-1] appeal : USCA NUMBER: 01-1668 (jr) (Entered: 05/08/2001) |
| 06/21/2001 | 98 | MOTION by Manuel Geronimo for return of passport , filed. (eaf) (Entered: 06/22/2001) |
| 06/29/2001 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [98-1] motion for return of passport as to Manuel Geronimo (1). cc: all counsel of record. (eaf) (Entered: 07/03/2001) |
| 07/09/2001 | 99 | Judge Richard G. Stearns . ORDER returning bail entered as to Manuel Geronimo : . (eaf) (Entered: 07/09/2001) |
| 01/11/2002 | | Case closed as to all defendants, as to Manuel Geronimo, Octavio Viviato Garcia, Disenia Gonzalez, Javier Placencio Vera (defendants terminated) (vah) (Entered: 01/11/2002) |
| 01/17/2002 | 100 | Order/Judgment of the U.S. Court of Appeals as to Manuel Geronimo; re: [94-1] appeal; Upon consideration of court reporter's motion, It is hereby ordered that the time for filing transcripts be extended to and including 2/1/02. (jr) (Entered: 01/17/2002) |
| 04/17/2002 | 107 | MOTION by USA , as to Manuel Geronimo to seal/impound attached motion to reduce , filed. (eaf) (Entered: 07/17/2002) |
| 04/17/2002 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [107-1] motion to seal/impound as to Manuel Geronimo (1). "The motion to seal is allowed. The court will reserve decision on the rule 35(b) motion." cc: all counsel of record. (eaf) (Entered: 07/17/2002) |
| 06/17/2002 | 101 | Transcript of proceedings held on 1/16/01 hearing date: before Judge: Stearns, as to Manuel Geronimo , Court Reporter: J. Gibbons, filed. (eaf) (Entered: 06/17/2002) |

| 06/17/2002 | 102 | Transcript of proceedings held on 1/17/01 hearing date: before Judge: Stearns, as to Manuel Geronimo , Court Reporter: J. Gibbons, filed. (eaf) (Entered: 06/17/2002) |
| 06/17/2002 | 103 | Transcript of proceedings held on 1/18/01 hearing date: before Judge: Stearns, as to Manuel Geronimo , Court Reporter: Gibbons, filed. (eaf) (Entered: 06/17/2002) |
| 06/17/2002 | 104 | Transcript of proceedings held on 1/19/01 hearing date: before Judge: Stearns, as to Manuel Geronimo , Court Reporter: J. Gibbons, filed. (eaf) (Entered: 06/17/2002) |
| 06/17/2002 | 105 | Transcript of proceedings held on 1/22/01 hearing date: before Judge: Stearns, as to Manuel Geronimo , Court Reporter: J. Gibbons, filed. (eaf) (Entered: 06/17/2002) |
| 06/17/2002 | 106 | Transcript of proceedings held on 1/23/01 hearing date: before Judge: Stearns, as to Manuel Geronimo , Court Reporter: J. Gibbons, filed. (eaf) (Entered: 06/17/2002) |
| 06/18/2002 | | Transmitted Supplemental Record on Appeal: as to Manuel Geronimo, re: [94-1] appeal. Document numbers: 101-106 (jr) (Entered: 06/18/2002) |
| 06/19/2002 | | Transmitted Supplemental Record on Appeal: as to Manuel Geronimo, re: [94-1] appeal. Document numbers: transcript order form (jr) (Entered: 06/19/2002) |
| 11/08/2002 | 108 | MOTION by Manuel Geronimo to stay execution of sentence pending appeal , filed. (eaf) (Entered: 11/08/2002) |
| 11/15/2002 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : denying [108-1] motion to stay execution of sentence pending appeal as to Manuel Geronimo (1). cc: all counsel of record. (eaf) (Entered: 11/21/2002) |
| 11/21/2002 | 109 | MEMORANDUM by USA as to Manuel Geronimo in opposition to [108-1] motion to stay execution of sentence pending appeal , filed. (eaf) (Entered: 11/21/2002) |
| 11/25/2002 | | Transmitted Supplemental Record on Appeal: as to Manuel Geronimo, re: [94-1] appeal. Document numbers: 108,109 (jr) (Entered: 11/25/2002) |
| 12/12/2002 | 110 | MOTION by Manuel Geronimo to extend time to 12/12/02 to file notice of appeal , filed. (eaf) (Entered: 12/12/2002) |
| 12/13/2002 | | Judge Richard G. Stearns . ENDORSED ORDER as to Manuel Geronimo : granting [110-1] motion to extend time to 12/12/02 to file notice of appeal as to Manuel Geronimo (1). (eaf) (Entered: 12/16/2002) |
| 12/13/2002 | 111 | NOTICE OF APPEAL by Manuel Geronimo , filed. Fee Status: none Appealing: [108-1] motion to stay execution of sentence pending appeal Appeal record due on 12/28/02 for Manuel Geronimo (eaf) (Entered: 12/16/2002) |
| 12/20/2002 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to |

| | | |
|---|---|---|
| | | Manuel Geronimo, re: [111-1] appeal. (jr) (Entered: 12/20/2002) |
| 12/20/2002 | | Transmitted Supplemental Record on Appeal: as to Manuel Geronimo, re: [111-1] appeal. Document numbers: 110 (jr) (Entered: 12/20/2002) |
| 01/08/2003 | | U.S. Court of Appeals Case Number as to Manuel Geronimo, re: [111-1] appeal: USCA NUMBER: 02-2684 (jr) (Entered: 01/08/2003) |
| 07/11/2003 | 112 | MANDATE of USCA (certified copy) as to Manuel Geronimo re [111] Notice of Appeal - Final Judgment; In view of this court's recent decision affirming appellant's conviction, United States v. Geromino, No. 01-1668 (1st Cir. June 3, 2003), we now summarily affirm the November 15, 2002 order denying appellant's motion to stay execution of sentence pending appeal number 01-1668. AFFIRMED. (Ramos, Jeanette) (Entered: 07/11/2003) |
| 07/23/2003 | 113 | MANDATE of USCA (certified copy) as to Manuel Geronimo re [94] Notice of Appeal - Final Judgment; Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: AFFIRMED. (Ramos, Jeanette) (Entered: 07/23/2003) |
| 08/15/2003 | | Appeal Record Returned as to Manuel Geronimo : [94] Notice of Appeal - Final Judgment, [111] Notice of Appeal - Final Judgment (Ramos, Jeanette) (Entered: 08/15/2003) |
| 09/22/2004 | | Pre-Sentence REport as to Manuel Geronimo returned from Court of Appeals. Pre-sentence Report sent to Pretrial Services. (Gawlik, Cathy) (Entered: 09/22/2004) |
| 11/12/2004 | 114 | CJA 23 Financial Affidavit by Manuel Geronimo (Flaherty, Elaine) (Entered: 11/15/2004) |
| 11/23/2004 | 115 | CJA 23 Financial Affidavit by Manuel Geronimo (Flaherty, Elaine) (Entered: 12/07/2004) |
| 12/06/2004 | 116 | Letter (non-motion) regarding requesting extension to file 2255 by 1/12/05 as to Manuel Geronimo (Flaherty, Elaine) (Entered: 12/08/2004) |
| 12/14/2004 | 117 | Judge Richard G. Stearns : ORDER entered on Petitioner's Request for an Enlargement of Time, ENTERED. as to Manuel Geronimo (Flaherty, Elaine) (Entered: 12/14/2004) |
| 12/14/2004 | 118 | Judge Richard G. Stearns :(Corrected) ORDER on petitioner's request for enlargement of time entered as to Manuel Geronimo (Flaherty, Elaine) (Entered: 12/15/2004) |
| 01/13/2005 | 119 | MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 05-10093-RGS.) as to Manuel Geronimo. (Flaherty, Elaine) (Entered: 01/18/2005) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |
| |

| 04/17/2005 14:55:49 | | | |
|---|---|---|---|
| **PACER Login:** | ux2295 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:00-cr-10013-RGS |
| **Billable Pages:** | 12 | **Cost:** | 0.96 |

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA

v.

**MANUEL A. GERONIMO**

### JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number:  **1:00CR10013-001**

**RANDOLPH GIOIA, ESQ.**

Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)  **COUNT 2 OF INDICTMENT**
   after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 952 (a) | **IMPORTATION OF MDMA** | 12/02/1999 | 2 |

DOCKETED · DELETED

The defendant is sentenced as provided in pages 2 through __7__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) **1 OF INDICTMENT**

☐ Count(s) _____  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  **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**

Defendant's Date of Birth:  **03/08/1975**

Defendant's USM No.:  **22889-038**

Defendant's Residence Address:

**IN FEDERAL CUSTODY**

**BOSTON**                          **MA**

Defendant's Mailing Address:

**IN FEDERAL CUSTODY**

**BOSTON**                          **MA**

04/17/2001

Date of Imposition of Judgment

_Richard G. Stearns_

Signature of Judicial Officer

**RICHARD G. STEARNS**

**UNITED STATES DISTRICT JUDGE**

Name & Title of Judicial Officer

**4-27-01.**

Date

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __7__

DEFENDANT:        **MANUEL A. GERONIMO**
CASE NUMBER:      **1:00CR10013-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for
a total term of        **78 _ month(s)** .

☒   The court makes the following recommendations to the Bureau of Prisons:

     **THE COURT RECOMMENDS COMMITMENT TO A FACILITY AS CLOSE TO THE LAWRENCE,
MASSACHUSETTS AREA AS POSSIBLE.**

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ a.m./p.m.  on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ _____ to _____

at _____ , with a certified copy of this judgment.

_____
                         UNITED STATES MARSHAL

By _____
                              Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

DEFENDANT:    **MANUEL A. GERONIMO**

CASE NUMBER:    1:00CR10013-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____3_____ **year(s)** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page    4

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __4__ of __4__

DEFENDANT:        MANUEL A. GERONIMO
CASE NUMBER:      1:00CR10013-001

## SPECIAL CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL NOT PURCHASE OR POSSESS A FIREARM OR ANY OTHER DANGEROUS WEAPON;

2. IF ORDERED DEPORTED, THE DEFENDANT SHALL LEAVE THE UNITED STATES OF AMERICA AND NOT RETURN WITHOUT THE PRIOR WRITTEN PERMISSION OF THE UNITED STATES ATTORNEY GENERAL;

3. THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $100.00 FORTHWITH.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __7__

DEFENDANT:     MANUEL A. GERONIMO
CASE NUMBER:   1:00CR10013-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $   100.00 | $    | $           |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  The interest requirement is waived.

☐  The interest requirement is modified as follows:

## RESTITUTION

☐  The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|------------------------|-------------------------------|-----------------------------------------|
|               |                        |                               |                                         |
| Totals:       | $ _____           | $ _____                  |                                         |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

DEFENDANT:        **MANUEL A. GERONIMO**
CASE NUMBER:      1:00CR10013-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☒   in full immediately; or

B   ☐   $ ........___ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than ___ ._____; or

D   ☐   in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence ... day(s) after the date of this judgment.


The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 246B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page    7    of    9

DEFENDANT:     **MANUEL A. GERONIMO**

CASE NUMBER:     **1:00CR10013-001**

# STATEMENT OF REASONS

[ ] The court adopts the factual findings and guideline application in the presentence report.

## OR

[X] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**THE COURT FINDS THE OBSTRUCTION OF JUSTICE ENHANCEMENT DOES APPLY AND THEREFORE FINDS THAT THE TOTAL OFFENSE LEVEL IS 28 AND NOT 26.**

**Guideline Range Determined by the Court:**

Total Offense Level     **28**

Criminal History Category:     **I**

Imprisonment Range:    **78 TO 97 MONTHS**

Supervised Release Range:    **TO 3 YEARS**

Fine Range: $ ____**2,500.00**____ to $ __**1,000,000.00**__

    [ ] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

    [ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    [ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

    [ ] Partial restitution is ordered for the following reason(s):


[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):




## OR

[ ] The sentence departs from the guideline range:

    [ ] upon motion of the government, as a result of defendant's substantial assistance.

    [ ] for the following specific reason(s):

Manuel Geronimo
Reg. No 22893-038
FMC Devens.
P.O. Box 879
Ayer, MA 01432

December 2, 2004

Honorable Richard G. Sterns
United States District Judge
One Courthouse Way
Boston, MA. 02210

Re: United States V. Manuel Geronimo
No. 00-10013(RGS)

Dear Judge Sterns:

I respectfully send you this letter in my diligent attempt to preserve the time in with which to file my pleading pursuant to 28 U.S.C § 2255. Under the provisions of the **AEDPA** 1year time limit, from the day the judgment or mandate became final. My **direct appeal** was denied on June 3rd, 2003, the petition for **En banc** was denied on July 3rd 2003, the petition for a **Writ of certiorari** was denied on January 12th, 2004. And the due date to file my § 2255 is January 12th, 2005.

I currently have **FOIA** request filed in reference to my instant case, that have been filed as of 2002 and 2004 of which I have not received documents. I also have a "Financial Affidavit" filed in and to this court relating to a request for appointment of counsel as of November 21, 2004. My overall intent of this letter is to request leave to enlarge the time in with which my § 2255 is due based on the pending actions not being resolved (**FOIA and Request for Counsel**).

I do most sincerely thank you in advance for your time and consideration in these regards.

Sincerely,

Manuel Geronimo

MG/me

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 00-10013- RGS

UNITED STATES OF AMERICA

v.

MANUEL GERONIMO

MEMORANDUM AND ORDER ON PETITIONER'S
REQUEST FOR AN ENLARGEMENT OF TIME

December 14, 2004

STEARNS, D.J.

The habeas statute applicable to federal prisoners, 28 U.S.C. § 2255, as amended

by the Antiterrorism and Effective Death Penalty Act (AEDPA), imposes a strict one-year

statute of limitations, which in most cases begins to run on the date a petitioner's

judgement of conviction becomes final.  In petitioner's case, the statute began to run on

January 12, 2004, the date on which his petition for writ of certiorari was denied by the

Supreme Court.  Cf. United States v. Trenkler, 268 F.3d 16, 22 n.5 (1st Cir. 2001) (majority

rule among the circuit courts).  Section 2255 does not authorize a district court to grant

extensions of the one-year limitations period.  While equitable tolling may apply, see

Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004), this will be so only in truly

"extraordinary circumstances."  Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001).

Neither of the circumstances cited by petitioner (his pending Freedom of Information Act

request or his November 21, 2004 motion seeking appointment of counsel) meets the

criteria set out by the First Circuit for the invocation of the doctrine.  See Neverson, 366

F.3d at 42 (The doctrine "is not available to rescue a litigant from his own lack of due

diligence."); cf. Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (a post-conviction motion for appointment of counsel does not toll the running of the limitations period under section 2244). Possibly the Court of Appeals might disagree with my analysis, but I think it unlikely. Consequently, I recommend that petitioner proceed with all appropriate haste to insure that his petition is filed before the limitations period has expired.

ORDER

For the foregoing reasons, the motion for an enlargement of time is DENIED.

SO ORDERED,

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

2

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC  20543-0001

January 12, 2004

William K. Suter
Clerk of the Court
(202) 479-3011

Mr. Manuel Geronimo
Prisoner ID 22889-038
PO Box 879
Ayer, MA  01432

RECEIVED

JAN 2 1 2004

BY:

     Re:  Manuel Geronimo
         v. United States
         No. 03-7828

Dear Mr. Geronimo:

    The Court today entered the following order in the above entitled case:

    The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

William K. Suter, Clerk

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

1:05-cv-10093-RGS     Document 9-4     Filed 04/20/2005     Page 5 of 21

# APPOINTMENT AFFIDAVITS

_____Assistant U.S. Attorney_____          _____March 10, 1997_____
          (Position to which appointed)                        (Date of appointment)


_U.S. Department of Justice_  _U.S. Attorney's Office_     ____Boston, MA____
   (Department or agency)        (Bureau or Division)          (Place of employment)

I, _____Robert L. Peabody_____, do solemnly swear (or affirm) that—


## A. OATH OF OFFICE

   I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

   I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

   I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

                                        _Robert L. Peabody_
                                        (Signature of appointee)


Subscribed and sworn (or affirmed) before me this __10th__ day of __March__, 19_97_,

at _____Boston_____          _____Massachusetts_____
             (City)                             (State)


          [SEAL]                    _William G. Young_
                                    (Signature of officer)
                                    William G. Young
Commission expires _____   _U.S. District Judge_
   (If by a Notary Public, the date of expiration of his/her          (Title)
          Commission should be shown)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

STANDARD FORM 61
Revised June 1988
Case 1:05-cv-10093-RGS    Document 9-4    Filed 04/20/2005    Page 6 of 21
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

| Special Assistant United States Attorney | 01/18/00 |
|---|---|
| *(Position to which appointed)* | *(Date of appointment)* |

| Department of Justice | U. S. Attorney's Office | District of Massachusetts |
|---|---|---|
| *(Department or agency)* | *(Bureau or Division)* | *(Place of employment)* |

I, _____ Joseph La Plante _____ , do solemnly swear (or affirm) that----

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this ___18th___ day of ___Jan.___, 19 2000

at _____ Boston _____                           _____ Massachusetts _____
*(City)*                                                                    *(State)*

[SEAL]                              _____
                                         *(Signature of officer)*

Commission expires _____              Personnel Officer
                                                                      *(Title)*

*(If by a Notary Public, the date of expiration of his/her Commission should be shown)*

**NOTE.-** *The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

Prior Edition Usable

This form was electronically produced by Elite Federal Forms, Inc.

   

# General Docket
## US Court of Appeals for the First Circuit

Court of Appeals Docket #: 01-1668                          Filed: 5/7/01
Nsuit:    0  (Criminal or NOT SET)
US v. Geronimo
Appeal from: U.S. District Court of MA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0101-1 : 00-10013          lead: 00-10013
     trial judge: Richard Stearns, Judge
     trial judge: Marianne B. Bowler, Magistrate Judge
     court reporter: James P. Gibbons, Court Reporter
     court reporter: Jill Ruggieri, Court Reporter
     Date Filed: 1/12/00
     Date order/judgment: 4/30/01
     Date NOA filed: 5/2/01
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
              Lead        Member      Start        End
   companion:
              01- 1668    02- 2684    1/3/03
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Docket as of September 21, 2004 8:30 pm                    Page 1


01-1668  US v. Geronimo

UNITED STATES                    Dina Michael Chaitowitz
    Appellee                     FTS 617-784-3951
                                 617-748-3100 x3361
                                 [COR LD NTC gvt]
                                 U.S. Attorney's Office
                                 John Joseph Moakley Courthouse
                                 1 Courthouse Way
                                 Boston, MA 02210

                                 Robert L. Peabody

```
                        FTS 617-748-3965
                        617-748-3240
                        [COR LD NTC gvt]
                        U.S. Attorney's Office
                        John Joseph Moakley Buidling
                        One Courthouse Way
                        Boston, MA 02210


     v.

MANUEL GERONIMO                 Randolph Gioia
     Defendant - Appellant      [COR LD NTC ret]
                                24 School St.
                                Boston, MA 02108


Docket as of September 21, 2004 8:30 pm          Page 2
```

---

```
01-1668  US v. Geronimo

UNITED STATES

                 Appellee


     v.

MANUEL GERONIMO

                 Defendant - Appellant

Docket as of September 21, 2004 8:30 pm          Page 3
```

---

```
01-1668  US v. Geronimo

5/7/01        CRIMINAL CASE docketed. Opening forms sent. Notice filed by
              Appellant Manuel Geronimo. Appearance form due 5/21/01.
              Docketing Statement due 5/21/01. Transcript Report/Order
              due 5/21/01. [01-1668] (mlyn) [01-1668]

5/7/01        RECORD filed: 1 vol(s). No Transcript(s) filed. [559754-1]
              [01-1668] (mlyn) [01-1668]

5/10/01       PRESENTENCE REPORT [UNDER SEAL] received and filed.
              [561372-1] [01-1668] (mlyn) [01-1668]

6/4/01        DEFAULT ORDER filed. Counsel for Appellant Manuel Geronimo
              has not filed an appearance by this date. If counsel does
              not file an appearance within 7 days, counsel will be
```

|           | removed from the mailing list in this case, and counsel not be able to file any pleadings in the case. See Local Rule 46.1. The failure to file pleadings within the time limits set by this court may result in counsel having defaulted for his/her client. Appearance due 6/18/01. [01-1668] (mlyn) [01-1668] |

6/4/01       DEFAULT ORDER filed. The appellant is presently in default as to this filing. The appellant is ordered to file a docketing statement by 6/18/01 for Randolph Gioia.  Failure to comply with this order will result in the dismissal of the appeal for want of prosecution in accordance with Local Rule 3(b). (mlyn) [01-1668]

6/4/01       TRANSCRIPT REPORT/ORDER for Appellant Manuel Geronimo Defaulted. Your case will be dismissed if you do not file your Transcript report/order by 6/14/01 . (mlyn) [01-1668]

6/6/01       APPEARANCE filed by Robert L. Peabody for Appellee US. [568754-1] [01-1668] (mlyn) [01-1668]

6/14/01      APPEARANCE filed by Randolph Gioia for Appellant Manuel Geronimo. [571228-1] [01-1668] (frnk) [01-1668]

6/14/01      MOTION filed by Appellant Manuel Geronimo to extend time to file transcript report/order form and docketing statement until 7/20/01. Certificate of service dated 6/14/01. [01-1668] (frnk) [01-1668]

6/27/01      ORDER filed. Upon consideration of motion, It is hereby ordered that the time for the appellant to file his transcript report/order form and docketing statement be enlarged to and including 7/20/01. [01-1668] (frnk) [01-1668]

7/19/01      MOTION filed by Appellant Manuel Geronimo to extend time to file transcript report/order form and to extend time to Docketing Statement until 8/13/01. Certificate of service dated 7/19/01. [01-1668] (mlyn) [01-1668]

Docket as of September 21, 2004 8:30 pm                Page 4

---

01-1668  US v. Geronimo

7/20/01      ORDER filed. Upon consideration of appellant's motion, It is ordered that the time to file Transcript Order/Form and Docketing Statement be enlarged to and including 8/31/01. Transcript report/order and Docketing Statement are due 8/31/01. [01-1668] (mlyn) [01-1668]

8/15/01      ATTORNEY Dina Michael Chaitowitz for Appellee US added to case. [01-1668] (mlyn) [01-1668]

8/15/01          APPEARANCE filed by Dina Michael Chaitowitz for Appellee
                 US. [586010-1] [01-1668] (mlyn) [01-1668]

8/27/01          APPEARANCE filed by Dina Michael Chaitowitz for Appellee
                 US. [589015-1] [01-1668] (mlyn) [01-1668]

8/28/01          MOTION filed by Appellant Manuel Geronimo to extend time to
                 file Docketing Statement and file transcript report/order
                 form. Certificate of service dated 8/28/01. [01-1668] (mlyn)
                 [01-1668]

8/29/01          ORDER filed. Upon consideration of appellant's motion, It
                 is ordered that the time for the appellant to file his
                 Docketing Statement and Transcript Order/Form be enlarged
                 to and including 9/28/01. This being appellant's third
                 request for an extension of deadlines, no further
                 extensions will be granted. [01-1668] (mlyn)
                 [01-1668]

9/28/01          DOCKETING STATEMENT filed by Appellant Manuel Geronimo.
                 [01-1668] (mlyn) [01-1668]

9/28/01          TRANSCRIPT REPORT/ORDER filed by Appellant Manuel Geronimo.
                 Transcripts of "Voire dire, closing arguments, sentencing,
                 and trial date has been ordered. James P. Gibbons has
                 indicated the transcript will be ready by 11/28/01.
                 Transcript due 11/28/01. [01-1668] (mlyn) [01-1668]

12/13/01         Court Reporter memo sent. Transcript due 12/24/01 for James
                 P. Gibbons. [01-1668] (mlyn) [01-1668]

1/9/02           MOTION OF court reporter James P. Gibbons to extend time to
                 file transcript until 2/1/02. [01-1668] (mlyn)
                 [01-1668]

1/10/02          ORDER filed. Upon consideration of court reporter's motion,
                 It is hereby ordered that the time for filing transcripts
                 be extended to and including 2/1/02. Transcript due 2/1/02.
                 [01-1668] (mlyn) [01-1668]

2/19/02          MOTION OF court reporter James P. Gibbons to extend time to
                 file transcript until 2/28/02. [01-1668] (mlyn)
                 [01-1668]


Docket as of September 21, 2004 8:30 pm                    Page 5


----------------------------------------------------------------


01-1668  US v. Geronimo

2/20/02          ORDER filed. Upon consideration of motion, It is hereby
                 ordered that the time for the Court Reporter James Gibbons
                 to file transcripts be extended to and including 2/28/02.
                 Transcript due 2/28/02. [01-1668] (mlyn) [01-1668]

3/14/02          ATTORNEY Janet H. Pumphrey for Appellant Manuel Geronimo

              added to case. [01-1668] (lina) [01-1668]

3/14/02      APPEARANCE filed by Janet H. Pumphrey for Appellant Manuel
             Geronimo. [641473-1] [01-1668] (lina) [01-1668]

3/19/02      Court Reporter memo sent. Transcript due 3/29/02 for James
             P. Gibbons. Transcripts of "Voire dire, closing arguments,
             sentencing, and trial date has been ordered. [01-1668] (mlyn)
             [01-1668]

4/23/02      PUBLIC NOTE: Letter from Aty. Janet Pumphrey pertaining as
             to when Ctr Gibbons will be filing the last Trasncript.
             Called and left message for Ctr Gibbons, today. [01-1668]
             (mlyn) [01-1668]

5/16/02      Court Reporter memo sent. Transcript due 5/28/02 for James
             P. Gibbons, for entire trial transcripts. [01-1668] (mlyn)
             [01-1668]

6/11/02      MOTION OF court reporter James P. Gibbons to extend time to
             file transcript until 6/18/02. [01-1668] (mlyn)
             [01-1668]

6/11/02      ORDER. Upon consideration of motion, It is hereby ordered
             that the time for Court Reporter James P. Gibbons to file
             transcripts be extended to and including 6/18/02.
             Transcript due 6/18/02. [01-1668] (mlyn) [01-1668]

6/18/02      SUPPLEMENTAL RECORD consisting of Dkt#'s 101 - 106 filed.
             [664883-1] [664883-1] [01-1668] (mlyn) [01-1668]

6/18/02      Transcript(s) Dkt#: 101: Jury Trial (Day 1 ) 1/16/01; Dkt#:
             102: Jury Trial (Day 2) 1/17/02; Dkt#: 103: Jury Trial (Day
             3) 1/18/02; Dkt#: 104: Jury Trial (Day 4 - Part 2) 1/19/02;
             Dkt#: 105: Jury Trial (Day 5) 1/22/01; Dkt#: 106: Jury
             Trial (Day 6 - Part 1) 1/23/01 filed by court reporter
             James P. Gibbons. [01-1668] (mlyn) [01-1668]

6/19/02      SUPPLEMENTAL RECORD consisting of Transcript Order/Form
             filed. [665210-1] [665210-1]    [01-1668] (mlyn)
             [01-1668]

6/19/02      BRIEFING SCHEDULE. Appellant's Brief & Appendix due
             7/29/02. Appellee's Brief due 8/28/02. Reply brief due
             9/11/02. [01-1668] (mlyn) [01-1668]

Docket as of September 21, 2004 8:30 pm                    Page 6

_____


01-1668  US v. Geronimo

6/27/02      MOTION FOR ENLARGEMENT OF TIME TO FILE BRIEF filed by
             Appellant Manuel Geronimo to extend time to file
             Appellant's brief until 9/27/02. Ext. Code: CNF.
             Certificate of service dated 6/25/02. [01-1668] (mlyn)

[01-1668]

6/27/02          AFFIDAVIT in support of motion to extend time to file
                 Appellant's brief [666897-1] filed by Appellant Manuel
                 Geronimo. Certificate of service dated 6/25/02. [666900-1]
                 [01-1668] (mlyn) [01-1668]

7/9/02           ORDER. Upon consideration of motion, It is hereby ordered
                 that the time for the appellant to file their brief and
                 appendix be extended to and including 8/28/02. Appellant's
                 Brief & Appendix due 8/28/02. [01-1668] (mlyn)
                 [01-1668]

7/10/02          DEFAULT ORDER filed. Unless the $105 filing is paid to the
                 Clerk of the District Court or unless a motion to proceed
                 in forma pauperis on appeal is pending in the District
                 Court and notice thereof is supplied to this court on
                 or before fourteen days of the date of this order, this
                 appeal will be dismissed for lack of prosecution.
                 [669471-1] [01-1668] Fee due 7/24/02. (dona)
                 [01-1668]

7/22/02          FILING FEE PAID by Appellant Manuel Geronimo on 7/12/02.
                 [01-1668] (dona) [01-1668]

8/13/02          APPELLANT'S MOTION IN PROPRIA PERSONA FOR LEAVE TO FILE A
                 PRO SE SUPPLEMENTAL BRIEF filed by Appellant Manuel
                 Geronimo to file supplemental brief. Certificate of service
                 dated 8/12/02. [01-1668] (mlyn) [01-1668]

8/20/02          MOTION FOR WAIVER OF LOCAL RULE 30 filed by Appellant
                 Manuel Geronimo to waive filing record in lieu of appendix.
                 Certificate of service dated 8/17/02. [01-1668] (mlyn)
                 [01-1668]

8/20/02          ORDER.Upon consideration, It is hereby ordered that the
                 appellant's motion to waive filing of record in lieu of
                 appendix be granted.  [01-1668] (mlyn) [01-1668]

8/20/02          BRIEF filed by Appellant Manuel Geronimo. Length: 40 pages,
                 Copies: 4, delivered by mail. Certificate of date 8/17/02.
                 [679678-1] Appellee brief due 9/19/02. Reply brief due
                 10/3/02. [01-1668] (mlyn) [01-1668]

8/20/02          RECORD APPENDIX filed by Appellant Manuel Geronimo. Copies:
                 4. Volumes: 4. Delivered by mail, filed. Certificate of
                 service date 8/17/02. [679700-1]  [01-1668] (mlyn)
                 [01-1668]

Docket as of September 21, 2004 8:30 pm                    Page 7

---

01-1668  US v. Geronimo

8/21/02          ORDER filed by Judge Bruce M. Selya. As defendant is

represented by retained counsel and does not state whether his counsel has refused to brief certain issues, what those issues may be, or the grounds for refusal, appellant's motion to file a pro se supplemental brief is denied. A copy of this order shall be sent to both appellant and his attorney. [01-1668] (mlyn) [01-1668]

| | |
|---|---|
| 8/27/02 | MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF filed by Appellant Manuel Geronimo to reconsider order dated 8/21/02. Certificate of service dated 8/26/02. [01-1668] (mlyn) [01-1668] |
| 8/27/02 | AFFIDAVIT in support of motion for reconsideration of previous order. [681599-1] filed by Appellant Manuel Geronimo. Certificate of service dated 8/26/02. [681604-1] [01-1668] (mlyn) [01-1668] |
| 8/27/02 | ERRATA SHEET filed for Appellant's brief page 17. [679678-1] (mlyn) [01-1668] |
| 8/30/02 | PLEADING TENDERED: Prose Supplemental Brief, filed by Manuel Geronimo for Manuel Geronimo. [683800-1] Certificate of service 8/26/02. [01-1668] (mlyn) [01-1668] |
| 8/30/02 | PLEADING TENDERED: APPELLANT'S STATEMENT OF ISSUES AND DESIGNATION OF CONTENTS OF APPENDIX IN PROPIA PERSONA, filed by and for Manuel Geronimo. [683801-1] Certificate of service date 8/26/02. [01-1668] (mlyn) [01-1668] |
| 9/6/02 | GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIEM - TO OCTOBER 3, 2002- TO FILE APPELLEE'S BRIEF filed by Appellee US to extend time to file Appellee's brief until 10/3/02. Ext. Code: CNF. Certificate of service dated 9/5/02. [01-1668] (mlyn) [01-1668] |
| 9/6/02 | ORDER. Upon consideration of motion of appellee, It is ordered that the time to file the appellee's brief be enlarged to and including 9/24/02 only as this case is tentatively scheduled for oral argument in November. Appellee Brief Due 9/24/02. [01-1668] (mlyn) [01-1668] |
| 9/9/02 | PUBLIC NOTE: CORRECTED TABLE OF AUTHORITIES. [01-1668] (mlyn) [01-1668] |
| 9/11/02 | ORDER filed by Judge Juan R. Torruella. Defendant's motion to file a supplemental brief is granted. The supplemental brief will be due September 18, 2002. [01-1668] (mlyn) [01-1668] |
| 9/11/02 | SUPPLEMENTAL BRIEF filed by Appellant Manuel Geronimo. Length: 20 pages, Copies: 3, delivered by hand. Certificate of service date 8/26/02. [685606-1] [01-1668] |

Docket as of September 21, 2004 8:30 pm        Page 8

01-1668   US v. Geronimo

                    (mlyn) [01-1668]

9/11/02          DESIGNATION of contents of appendix to brief filed by
                 Appellant Manuel Geronimo. [01-1668] (mlyn) [01-1668]

9/13/02          NOTICE OF WITHDRAWL: Letter confirming correspondence of
                 prose suuplemental brief from Aty J. pumphrey. [01-1668]
                 (mlyn) [01-1668]

9/13/02          GOVERNMENT'S MOTION FOR RECONSIDERATION FOR ENLARGEMENT OF
                 TIME  - TO OCTOBER 3, 2002 - TO FILE APPELLEE'S BRIEF filed
                 by Appellee US to extend time to file Appellee's brief until
                 10/3/02.  Ext. Code: CNF. Certificate of service dated
                 9/13/02. [01-1668] (mlyn) [01-1668]

9/17/02          ORDER. Upon consideration of motion of appellee, It is
                 ordered that the time to file the appellee's brief be
                 enlarged to and including 10/01/02 only as this case is
                 tentatively scheduled for oral argument in November.
                 Appellee Brief Due 10/1/02. [01-1668] (mlyn)
                 [01-1668]

9/30/02          GOVERNMENT'S MOTION FOR ONE-DAY EXTENSION TO 10/2/02 filed
                 by Appellee US to extend time to file Appellee's brief
                 until 10/2/02. Ext. Code: CNF. Certificate of service dated
                 9/30/02. [01-1668] (mlyn) [01-1668]

9/30/02          ORDER. Upon consideration of motion, It is hereby ordered
                 that the time for the appellee to file its brief be
                 enlarged to and including October 2, 2002. No further
                 extensions of this deadline should be expected. Appellee
                 Brief Due 10/2/02. [01-1668] [01-1668] (mlyn)
                 [01-1668]

10/2/02          BRIEF filed by Appellee US. Length: 12, 695 words, Copies:
                 9, delivered by hand. Certificate of service date 10/2/02.
                 [691799-1] Reply brief due 10/17/02. [01-1668] (mlyn)
                 [01-1668]

10/2/02          ELECTRONIC DOCUMENT (Brief on disk)filed by Appellant
                 Manuel Geronimo. [01-1668] (mlyn) [01-1668]

10/4/02          GOVERNMENT'S MOTION FOR LEAVE TO FILE CORRECTED BRIEF filed
                 by Appellee US to file corrected brief. Certificate of
                 service dated 10/4/02. [01-1668] (mlyn) [01-1668]

10/7/02          ORDER. Upon consideration of motion, Appellee's corrected
                 brief is accepted for filing in substitution of the brief
                 docketed on 10/2/02. [01-1668] (mlyn) [01-1668]

10/7/02          CORRECTED BRIEF filed by Appellee US replacing brief filed
                 on 10/2/02.   Length: 13, 080 words,  Copies: 10, delivered
                 by hand. Certificate of service date 10/4/02. [692794-1]
                 [01-1668] (mlyn) [01-1668]

01-1668  US v. Geronimo

| | |
|---|---|
| 10/7/02 | ELECTRONIC DOCUMENT (Corrected Brief on disk) filed by Appellee US. [01-1668] (mlyn) [01-1668] |
| 10/9/02 | MOTION FOR ENLARGEMENT OF TIME TO FILE BRIEF filed by Appellant Manuel Geronimo to extend time to file Appellant's reply brief. Ext. Code: CNF. [01-1668] Certificate of service dated 10/7/02. [01-1668] (mlyn) [01-1668] |
| 10/9/02 | ORDER. Upon consideration of motion, It is hereby ordered that the time for the appellant to file its reply brief be enlarged to and including November 1, 2002. No further extensions of this deadline should be expected. Reply Brief now due 11/1/02 for Manuel Geronimo. [01-1668] (mlyn) [01-1668] |
| 10/29/02 | Pro se supplemental brief filed by Appellant Manuel Geronimo.  Length: 15 pgs,  Copies: 4, delivered by mail. Certificate of service date 10/26/02. [559736-1] Reply Brief Due 12/12/02.  [01-1668] (mlyn) [01-1668] |
| 11/1/02 | ELECTRONIC DOCUMENT (Appellant's  Brief on Disk) filed by Appellant Manuel Geronimo. [01-1668] (mlyn) [01-1668] |
| 11/1/02 | REPLY BRIEF filed by Appellant Manuel Geronimo.  Length: 8 pages,  Copies: 6, delivered by mail. Certificate of service date 11/1/02. [711928-1] [01-1668] (mlyn) [01-1668] |
| 11/4/02 | Assigned for the month of December, ( 12/2/02 ).  [01-1668] (ceca) [01-1668] |
| 11/26/02 | SUPPLEMENTAL RECORD consisting of DC Dkt#'s 108-109 filed. [705957-1] [705957-1]   [01-1668] (mlyn) [01-1668] |
| 12/2/02 | CASE ARGUED 12/02/02. Lynch, Lipez, Howard, JJ. (ceca) [01-1668] |
| 12/31/02 | SUPPLEMENTAL RECORD consisting of D.C. Dkt# 110 filed. [713391-1] [713391-1]   [01-1668] (mlyn) [01-1668] |
| 4/14/03 | PUBLIC NOTE: Letter from Attorney Pumphrey requesting transcript of oral argument of 12/2/02. [01-1668] (mlyn) [01-1668] |
| 6/3/03 | JUDGMENT filed Judge Sandra L. Lynch, Judge Kermit V. Lipez, Judge Jeffrey R. Howard. This cause came on to be heard on appeal from the United States District Court for the District of Massachusetts, and was argued by counsel. Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: Affirmed. [756117-1] [01-1668] (mlyn) [01-1668] |

01-1668  US v. Geronimo

| | |
|---|---|
| 6/3/03 | OPINION: Judge Sandra L. Lynch, Judge Kermit V. Lipez, Judge Jeffrey R. Howard. Signed Judge Kermit V. Lipez. PUBLISHED [756124-1] [01-1668] (mlyn) [01-1668] |
| 6/19/03 | PETITION FOR REHEARING EN BANC filed by Appellant Manuel Geronimo in 01-1668 for panel rehearing &  rehearing en banc. [765640-2]  [01-1668]  Certificate of Service dated 6/17/03. [01-1668] (mlyn) [01-1668] |
| 7/3/03 | ORDER filed by Chief Judge Michael Boudin, Judge Juan R. Torruella, Judge Bruce M. Selya, Judge Sandra L. Lynch, Judge Kermit V. Lipez, Judge Jeffrey R. Howard. The panel of judges that rendered the decision in this case having voted to deny the petition for rehearing and the suggestion for the holding of a rehearing en banc having been carefully considered by the judges of the Court in regular active service and a majority of said judges not having voted to order that the appeal be heard or reheard by the Court en banc, It is ordered that the petition for rehearing and the suggestion for rehearing en banc be denied. [01-1668], (lina) [01-1668] |
| 7/8/03 | Involvement of attorney Janet H. Pumphrey for Manuel Geronimo terminated. [01-1668] (mlyn) [01-1668] |
| 7/18/03 | MANDATE ISSUED.  [01-1668] (mlyn) [01-1668] |
| 8/13/03 | RECORD returned to originating court. (jani) [01-1668 02-2684] |
| 8/15/03 | RECORD returned to originating court. (tim) [01-1668] |
| 9/3/03 | LETTER filed by defendant -appellant to Federal Public Defender's Office dated: 8/25/03 seeking counsel to file "writ of certiorari petition". [01-1668] (mlyn) [01-1668] |
| 12/15/03 | U.S. SUPREME COURT NOTICE filed regarding petition for writ of certiorari. Filed in the Supreme Court on 9/16/03. Supreme Court case number: 03-7828. [01-1668] (darl) [01-1668] |
| 1/16/04 | U.S. SUPREME COURT ORDER denying petition for writ of certiorari filed in the Supreme Court on 1/12/04. [01-1668] (mlyn) [01-1668] |
| 9/21/04 | PRESENTENCE REPORT [UNDER SEAL] returned to originating court. [01-1668] (dunn) [01-1668] |

Docket as of September 21, 2004 8:30 pm                    Page 11

```
┌─────────────────────────────────────────────────────┐
│              PACER Service Center                     │
├─────────────────────────────────────────────────────┤
│               Transaction Receipt                     │
├─────────────────────────────────────────────────────┤
│               04/18/2005 16:29:18                     │
├──────────────────┬──────────┬──────────────┬─────────┤
│ PACER Login:     │ ux2295   │ Client Code: │         │
├──────────────────┼──────────┼──────────────┼─────────┤
│ Description:     │ dkt report│ Case Number: │ 01-1668 │
├──────────────────┼──────────┼──────────────┼─────────┤
│ Billable Pages:  │ 11       │ Cost:        │ 0.88    │
└──────────────────┴──────────┴──────────────┴─────────┘
```

No. 01-1668

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

---

## UNITED STATES OF AMERICA,
Appellee

v.

## MANUAL GERONIMO
Defendant-Appellant

---

**On Appeal From A Judgment In A Criminal Case
Entered In The
United States District Court
for the District of Massachusetts**

---

**Brief for the Appellee
(Corrected)**

---

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

ROBERT L. PEABODY
Assistant U.S. Attorney
United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210
(617) 748-3240

of the conspiracy as charged, was to import ecstasy..., into the United States." (R. 660).  It appears that the defendant believes this response occurred after the jury reported it was deadlocked on a count and that by responding the way it did, the district court effectively announced that there was an importation, resulting in the jury's conviction on that count.  Not only is this claim forfeited, but the defendant's premise - i.e., the sequence of events - is wrong.  The jury had questions which were answered, then reported it was deadlocked on one count, then deliberated further, and then returned its verdict.  In any event,  as noted earlier, in assessing error, jury instructions must be read as a whole.  Based on the entirety of the jury instructions, indeed based upon a common-sense read of the court's response, the jury would not have understood the court to have directed a verdict in the government's favor on the importation count.

4.    *The government did not fail to provide discovery material*.

Based on defense counsel's request to look at Exhibits 53 through 61 prior to their introduction,[22] the defendant claims that

---

[22]Defense counsel said:

> Your Honor, I have some concerns about it due to the fact that some of them I've seen before, some I haven't. I haven't had a chance to take a look at some of the documents and go over them with my client.....
>
> I'd just ask for some time at an appropriate time to examine them and go over them with my

43

the government failed to produce these exhibits prior to trial, [*Pro se* brief, pages 11-14], and thereby violated Brady v. Maryland, 373 U.S. 83, 87 (1963). Since there is only suppression when the government withholds information unknown to the defense, this claim must be rejected: the exhibits constituted evidence seized from the defendant's car. *See* Giles v. Maryland, 386 U.S. 66, 96 (1967) (White, J., concurring) (observing that "any allegation of suppression boils down to an assessment of what the State knows at trial in comparison to the knowledge held by the defense"). Brady is inapplicable. To the extent that the defendant is claiming he was prejudiced because he did not know the government intended to offer the documents at trial, this claim also fails. The defendant's assertion that the exhibits were withheld is undermined not only by defense counsel's failure to make this claim in the district court, but by his assertion that he had, in fact, seen some of them before. (R. 355).[23] After his review of the exhibits, defense counsel had no objection to their

_____

client.

(R. 355, 356).

[23]A reasonable inference of counsel's statement is that he had received Exhibits 53 through 61, had reviewed some of the documents, but had not reviewed others in that group. More importantly, prior to their admission, counsel wanted time to review them with his client.

44

admission. (R. 434).[24]  Thus, the defendant cannot establish a basic premise of his claim (that documents were not produced).  Most importantly, the defendant has failed utterly to establish exactly how the documents were helpful to him and how the alleged delay in receiving them prejudiced him.

5. **_The defendant has not shown ineffective assistance of counsel_**.

To establish ineffective assistance of counsel, a defendant must show that his lawyer's performance fell below an objective standard of reasonableness, and that he was prejudiced thereby, meaning "that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 and 693-94 (1984).  Normally ineffective-assistance-of-counsel claims require some factual development and so must be first brought in the district court. <u>United States v. Mala</u>, 7 F.3d 1058, 1063 (1st Cir.1993).  In this case, the defendant's claims can be resolved on the present record, albeit not in his favor.

a.  The defendant claims that his trial attorney should have moved for judgment of acquittal when the jury returned its verdict

---

[24]Defendant writes in his pro se brief that "the government concedes that it did not offer exhibits 53 to 61 to the defense, but that it did offer exhibit 52, and there was not dispute over the document." [Pro se brief, page 12].  When government counsel remarked, "Well, 52 I did offer. And we have no dispute over this document," he was referring to offering Exhibit 52 into evidence without objection.

45