UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10093- RGS

MANUEL GERONIMO

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE

August 9, 2005

STEARNS, D.J.

Petitioner Manuel Geronimo was convicted on January 23, 2001, after a six-day trial by jury of aiding and abetting the importation into the United States of the drug 3, 4 Methylenedioxymethamphetamine ("Ecstasy").[1] On April 17, 2001, the court sentenced Geronimo to a 78-month period of incarceration followed by three years of supervised release. Geronimo's appeal was rejected by the Court of Appeals on June 3, 2003. See United States v. Geronimo, 330 F.3d 67 (1st Cir. 2003). Geronimo now seeks collateral relief under 28 U.S.C. § 2255. As none of the four grounds asserted in the petition has merit, the motion will be DENIED and the petition will be DISMISSED.[2]

---

[1] A motion brought under 28 U.S.C. § 2255 is a federal prisoner's "surrogate for the historic writ of habeas corpus." Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002). Hence, the use of traditional habeas vocabulary.

[2] The government argues that the petition was filed one day late and should therefore be dismissed as untimely. The one-year limitations period in Geronimo's case ran on January 12, 2005. The petition was received and filed in the Clerk's Office on January 13, 2005. Geronimo attests that he deposited the petition in the FMC-Devens mail facility on January 11, 2005 (which is probable as the petition arrived at the court two days later). The government offers no evidence to the contrary and Geronimo as an inmate is entitled to the benefit of the "prison mailbox rule." See Houston v. Lack, 487 U.S.

FACTS

The underlying facts of the case are set out in the opinion of the Court of Appeals.

DISCUSSION

Geronimo first maintains that the Assistant United States Attorney who served as the prosecutor in his case had not been properly sworn as an officer of the United States. The claim is based on the unsuccessful attempt by Geronimo to obtain a copy of the Appointment Affidavit of Assistant United States Attorney Joseph LaPlante, who sat as the second-chair during the trial. As the copy of the Appointment Affidavit produced by the government attests, the oath of office was administered to LaPlante on January 18, 2000, one year before petitioner's trial. Of greater significance, the Appointment Affidavit of Assistant United States Attorney Robert Peabody, who presented the case to the Grand Jury and who served as the lead prosecutor at the trial, is dated March 10, 1997.

Ground two of the petition challenges the sufficiency of the evidence. Geronimo argues that there is an inconsistency between his acquittal on the conspiracy charge and his conviction on the charge of aiding and abetting the importation. More specifically, he argues that the government's evidence that he knew that the Ecstasy had been brought into the United States from abroad was insufficient to support the jury's verdict, and that at most he could have been found guilty of possession of Ecstasy with intent to distribute, a crime that was not charged. The short answer to this argument is that it was raised and

---

266, 274-275 (1988).

rejected on direct appeal and therefore cannot be relitigated in a § 2255 context.[3] Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991).

Ground three asserts alleged instances of ineffective assistance on the part of both Geronimo's trial counsel and his appellate counsel. None of the deficiencies cited implicate the deferential standard of Strickland v. Washington, 466 U.S. 668, 689 (1984). The assertion that trial counsel should have pressed the "oath of office" claim is utterly without merit. Counsel's failure to move to dismiss the indictment under the Speedy Trial Act is explained by the fact that, when excludable delays are taken into account, the thirty-day limitations period from arrest to indictment had not run. A motion to suppress the warrantless search of the car driven by petitioner to the drug rendezvous and the incidental seizure of a wire transfer order would have been recognized by any reasonable attorney as hopeless. See United States v. Ross, 456 U.S. 798, 825 (1982). Moreover, as the government aptly notes, petitioner's complaint is that the transfer order was introduced as evidence tying him to the conspiracy. As he was acquitted of that charge, he cannot show prejudice resulting from the failure to obtain the exclusion of the transfer order.[4] Finally, Geronimo faults counsel for failing to renew a Rule 29 motion at the close of his own case. I agree that this was error, but not prejudicial error, as the renewed

---

[3]Geronimo also criticizes the court's aiding and abetting instruction, another argument that was raised and rejected on direct appeal.

[4]Geronimo argues that counsel was ineffective in failing to object to evidence introduced in violation of "Giglio, Brady, and Rule 3500 of the Federal Rules of Criminal Procedure" (sic). As neither the petition nor the brief identify any specific piece of evidence to which objection is made, the court will treat the issue as waived.

motion would have failed. The evidence was sufficient at the close of the case for the submission of both counts to the jury. See Geronimo, 330 F.3d at 73.[5]

Ground four questions the court's two-point enhancement of the guideline sentencing range as the result of a judicial finding of obstruction of justice. This argument might carry weight if United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), were applied retroactively, but it is not. New procedural rules do not apply retroactively to cases for which direct review is final. Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 2525 (2004). Booker is such a rule and therefore does not apply to cases on collateral review. Cirilo-Munoz v. United States, 404 F.3d 527, 532-533 (1st Cir. 2005).[6]

        SO ORDERED,

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE

---

[5] Geronimo also complains that counsel failed to object to the fact that he was tried and convicted of possession of Ecstasy with intent to distribute, a crime with which he was never charged. The assertion is not only untrue (Geronimo was convicted of aiding and abetting the importation of Ecstasy), it is contradicted by his earlier contention that possession is the crime with which he should have been charged had the government wanted to skirt the "jurisdictional hurdle" that he identifies. Petitioner's Brief, at 7.

[6] Geronimo's reply brief surfaces a complaint about his appellate counsel's performance that was not specified in the original petition or brief. Geronimo maintains that, by failing to challenge the existence of a conspiracy among those who were involved in the actual importation of the Ecstasy, counsel forfeited his best argument that "because the jury determined beyond a reasonable doubt that there was not a conspiracy in the case," the court erred in admitting hearsay statements under Fed. R. Evid. 801(d)(2)(E). Assuming that this issue is properly before the court, it is based on a fallacy. The jurors did not find that there was no conspiracy. They found that petitioner was not a party to the original conspiratorial agreement but rather an aider and abettor of the importation.