UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Manuel Geronimo,           *
Petitioner,                *
                           *
    vs.                    *   Civil Action No. 05-10093-RGS
                           *
                           *
United States of America   *
Respondent,                *

### PETITIONER'S PRO SE NOTICE OF APPEAL

Now comes Manuel A. Geronimo, proceeding pro se and in forma pauperis in the above styled action and numbered cause, to be referred herein after as "Appellant" respectfully moving this most honorable Court with his pro se notice of appeal. Appellant is additionally seeking to further proceed In forma pauperis upon appeal, as appellant is acting In propria persona, without the aid of counsel. This is the appeal of a memorandum and order of the district court denying relief pursuant to 28 U.S.C. § 2255 on constitutional issues. In support of this notice of appeal appellant submits the following:

### PROCEDURAL BACKGROUND SUMMARY

Appellant was convicted on January 23, 2001, after a six-day trial by jury of aiding and abetting the importation into

1

the United States of the drug, 3,4 Methylenedioxymethanphetamine[1] on April 17, 2001, the court sentenced appellant to a 78 month period of incarceration followed by three years supervised release, a timely notice of appeal was filed. Appellant's first (direct) appeal of the conviction and sentence was decided by the First Circuit Court of Appeals on June 2, 2003, which affirmed the conviction and sentence in United States v. Geronimo, 330 F.3d 67 (1st Cir. 2003).

A petition for rehearing en banc as well as a petition for a writ of certiorari was filed, both of which relief were denied. On or about January 10, 2005 appellant file a collateral attack of his conviction and sentence pursuant to 28 U.S.C. §2255 arguing: 1) that the indictment, conviction and sentence was tainted because a key prosecutor in the case had not oath of office on file for the prosecuting District of Massachusetts office on file and therefore was no properly sworn as an officer of the United States to prosecute the action before the court or jury. Appellant challenged in ground two that the evidence remaining after the acquittal on the conspiracy count was insufficient to sustain his conviction on the aiding and abetting especially since he was not charged with a possession or intent to distribute offense. Appellant raised a cumulative

---

[1] Mr. Geronimo was charged with two counts of a three-count indictment count one charged conspiracy to import methylenedioxymethamphetamine ("Ecstasy"), and count two charged aiding and abetting the importation of Ecstasy. The Trial Jury acquitted Geronimo on the conspiracy count.

2

effect of errors regarding a violation of the sixth amendment right to effective assistance of counsel, notably in the pre-trial setting,[2] trial setting, the most compelling of the arguments raised in this regards was the failure of counsel to challenge the governments introduction of evidence that constructively amended the grand jury indictment charge[3], and the fact that the district court expressly denied the first rule 29 motion, because he found by a preponderance of the evidence that a conspiracy existed that involved appellant. When the foundational reasoning for denying the first rule 29 motion was removed counsel's renewal argument under rule 29 would have been not only viable but more compelling, and available for review for abuse of discretion. This court conceded the error in these regards, and even if the motion may have failed on the district level the circuit court may have reached a different result.

Finally, since the court and government tells a defendant "ignorance of the law is no excuse," this reasoning should be even more compelling to parties that have chosen the law as a profession, and became public servants under an oath to uphold and defend the Constitution. Since the sixth Amendment protections for a criminally charged defendant were structured in the Constitutional Amendments, in fact the expressed words

---

[2] Failure to challenge oath of office argument, speedy trial violation and failure to file a motion to suppress

[3] Geronimo was not charged with possession or with intent to distribute or conspiracy for same in the indictment. Since the government waived the opportunity to prosecute this charge in its instrument counsel was responsible for compelling performance in this regards.

were used that "a jury determination must be made beyond a reasonable doubt" in the founding fathers form and structure of the amendment and has been clarified by the Supreme Court, even before appellant's charge, trial, conviction and sentence. This area of uncharged conduct should not be the appellant's burden to bear when the court, prosecution and defense counsel were themselves responsible for adherence of these protections. Simply put, the two point enhancements for the government expressly waived a charge that could have and should have been charged under the perjury statute. Since the appellant chose to exercise his constitutionally protected right to compel the government to charge and prove every element it intends to use for purpose of conviction and sentencing culpability retroactivity should not be and issue. Booker, 125 S.Ct.738 (2005) only clarified what has been and remained in the constitution and law books even before the government elected to prosecute appellant for criminal offense.

    Because the appellant can effectively demonstrate a substantial denial of protected constitutional rights he moves that this honorable court receive this notice of appeal, and take the full effect of the arguments addressed herein to allow further review by the Circuit Court by granting the included request to proceed upon appeal in forma pauperis.

Respectfully presented,

Manuel A. Geronimo
Reg. No. 22893-038
FMC Devens, Box 879
Ayer, MA 01432

### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery to Lisa M. Asiaf, Assistant United States Attorney, 1 Courthouse way Boston, MA 02210.

This 16th day of August 2005.

Dated: 8-16-05

Manuel A. Geronimo

5