

# United States Court of Appeals
## For the First Circuit

---

No. 05-2327

MANUEL GERONIMO,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

---

JUDGMENT

Entered: June 26, 2006

    Petitioner Manuel Geronimo requests a certificate of appealability ("COA") from the district court's denial of his 28 U.S.C. §2255 habeas corpus petition.

    After a thorough review of the record and of petitioner's submissions, petitioner's request for a COA is <u>denied</u>. The request fails to present a substantial showing or to raise a reasonably debatable argument that petitioner suffered a denial of a constitutional right. 28 U.S.C. §2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

    Petitioner raises four issues in his application: (1) whether the prosecutor sitting second chair at his trial had taken his oath of office; (2) whether the evidence presented at trial was sufficient to sustain his conviction; (3) whether the cumulative alleged errors of his lawyer rendered his counsel ineffective; and (4) whether the obstruction of justice enhancement to his sentence was improper.

First, we agree with the district court that petitioner's argument regarding the prosecutor's qualifications lacks merit. Second, petitioner challenged the sufficiency of the evidence at trial on direct appeal and cannot again raise these arguments on collateral review. Singleton v. United States, 26 F.2d 233, 240 (1st Cir. 1994); see also Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991).

Third, "[t]o successfully claim ineffective assistance of counsel under the Sixth Amendment, a defendant must establish that his counsel's performance fell below an objective standard of reasonableness and 'that there was a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.'" United States v. Theodore, 354 F.3d 1, 5-6 (1st Cir. 2003) (quoting Strickland v. Washington, 466 U.S. 668 (1984)). Petitioner has failed to provide adequate details supporting his claims, has not proved either ineffective assistance or prejudice with respect to any of his ineffective assistance of counsel claims, and accordingly, has failed to pass the Strickland test.

Fourth, the district court correctly held that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) is not retroactively applicable on collateral review. Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005).

For the reasons set forth above, petitioner's request for a certificate of appealability is denied, and the appeal is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

Richard Cushing Donovan, Clerk

*[signature]*

Deputy Clerk

Date: 8/18/06

MARGARET CARTER

By: _____
Chief Deputy Clerk.

[cc: Lisa Asiaf, AUSA, Dina Michael Chaitowitz, AUSA, Manuel Geronimo]